J. S55017/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
v. :
:
VINCENT TOLENTINO :
:
Appellant : No. 2752 EDA 2015

Appeal from the PCRA Order August 25, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000017-2009
CP-51-CR0000018-2009

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 15, 2016**

Appellant, Vincent Tolentino, appeals from the Order denying his first

petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S. §§ 9541-46, without an evidentiary hearing. After careful review,

we affirm.

The PCRA court's Pa.R.A.P. 1925(a) Opinion includes a thorough and

complete narrative of the facts and procedural history in this case, which we

adopt for purposes of our disposition. **See** PCRA Ct. Op., 11/3/15, at 1-3.

In sum, after a jury trial, Appellant was convicted of one count each of

Burglary and Simple Assault, and two counts of Terroristic Threats. The

---

[*] Former Justice specially assigned to the Superior Court.

court sentenced him to an aggregate term of 12½ to 25 years' incarceration. This Court affirmed the Judgment of Sentence and our Supreme Court denied allocatur.

Appellant filed a timely PCRA Petition, which he amended after the appointment of counsel, raising claims of ineffective assistance of counsel. After providing Notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the Petition without a hearing. Appellant timely appealed.

In his brief, Appellant raises the following two issues for our review, which we have reordered for ease of disposition:

> 1. Whether the [j]udge was in error in not granting relief on the PCRA petition alleging counsel was ineffective.
>
> 2. Whether the judge was in error in denying [ ] Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

Appellant's Brief at 9.

In Appellant's first issue, he avers that the PCRA court erred in concluding his trial counsel was not ineffective. *Id.* at 17-30. We disagree.

"Our standard of review in PCRA appeals is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009) (citation omitted).

In his Brief, Appellant argues counsel provided ineffective assistance because: (1) trial counsel failed to request a hearing to determine

- 2 -

Appellant's competency to stand trial; (2) trial counsel failed to file a post-sentence motion challenging the verdict as against the weight of the evidence; (3) trial counsel was ineffective in advising Appellant not to testify at trial; (4) trial counsel failed to request a lesser included charge instruction of trespass; and (5) trial counsel failed to interview and call as defense witnesses Michael Colosi and Thomas McLaughlin. *See* Appellant's Brief at 18-30.

In its November 3, 2015 Opinion, the PCRA court thoroughly and cogently addressed its reasons for concluding that none of Appellant's allegations of ineffectiveness of trial counsel had merit. Our review of the record supports the PCRA court's conclusions. Accordingly, with respect to Appellant's first issue, we affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op. at 3-19.

In his second issue, Appellant claims the PCRA court erred in dismissing his Amended PCRA Petition without a hearing. Appellant's Brief at 16-17. We disagree.

There is no absolute right to an evidentiary hearing, and a PCRA court has discretion to deny a PCRA petition without a hearing "if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006) (citation omitted). When the PCRA court denies a petition without an evidentiary

hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citing *Commonwealth v. Hardcastle*, 701 A.2d 541, 542-43 (Pa. 1997)).

As discussed *supra*, the trial court properly concluded that Appellant's claims of ineffective assistance of trial counsel lacked merit. Therefore, since Appellant's claims were "patently frivolous and [ ] without a trace of support in either the record or from other evidence[,]" we conclude that the trial court did not err in denying relief without conducting an evidentiary hearing. *See Hart*, 911 A.2d at 941.

The parties are instructed to attach a copy of the PCRA court's November 3, 2015 Opinion to any further filings.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2016

- 4 -

RECEIVED

NOV 0 3 2015

APPEALS/POST TRIAL

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH | : | CP-51-CR-0000017-2009 |
| | | CP-51-CR-0000018-2009 |
| | : | |
| vs. | : | |
| | : | |
| | : | SUPERIOR COURT |
| VINCENT TOLENTINO | : | 2752 EDA 2015 |

BRINKLEY, J.                                                          NOVEMBER 3, 2015

## OPINION

Defendant Vincent Tolentino filed a petition for relief pursuant to the Post Conviction

Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* (eff. Jan. 16, 1996), raising a claim based upon

ineffective assistance of counsel. After independent review of Defendant's *pro se* petition, PCRA

Counsel's amended and supplemental petitions, the Commonwealth's motions to dismiss and

Defendant's reply to the 907 notice, this Court dismissed Defendant's petition as being without

merit. Defendant appealed the dismissal of his petition to the Superior Court. The sole issue in

this opinion is whether this Court properly dismissed Defendant's petition without a hearing as

being without merit. This Court's decision should be affirmed.

## PROCEDURAL HISTORY AND FACTS

On November 30, 2008, Defendant was arrested and charged with burglary, two counts

of terroristic threats, possession of an instrument of crime (PIC), recklessly endangering another

person (REAP), and simple assault. On April 14, 2010, the Commonwealth filed a motion to

1

have a witness, Samuel Colosi ("Samuel"), be declared unavailable pursuant to Pa.R.E. 804(a)(4) and to allow the Commonwealth to admit his former testimony pursuant to Pa.R.E. 804(b)(1). On April 19, 2010, this Court granted the Commonwealth's motion to declare Samuel unavailable and allowed the Commonwealth to introduce the testimony that Samuel gave at the preliminary hearing with the exception of the testimony pertaining to his identification of Defendant.

From May 17 to May 21, 2010, a jury trial was held in the presence of this Court. Defendant was represented at trial by John Konchak, Esquire. On May 24, 2010, the jury found Defendant guilty of burglary, both counts of terroristic threats, and simple assault. On October 7, 2010, this Court sentenced Defendant to 10 to 20 years state incarceration on the burglary charge and 2½ to 5 years state incarceration on each charge of terroristic threats, to run concurrently with one another but consecutive to the sentence imposed on the burglary charge. This Court imposed no further penalty on the simple assault charge, for a total aggregate sentence of 12½ to 25 years state incarceration. On October 29, 2010, Defendant, through counsel, filed a Notice of Appeal to the Superior Court. On June 30, 2011, this Court filed its opinion in the matter. On April 20, 2012, the Superior Court affirmed the judgment of sentence. On May 17, 2012, Defendant filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. On November 8, 2012, the Supreme Court denied Defendant's Petition for Allowance of Appeal.

On November 8, 2013, Defendant filed a *pro se* petition pursuant to the PCRA, alleging ineffective assistance of counsel. On February 28, 2014, Peter A. Levin, Esquire, was appointed PCRA counsel. On October 20, 2014, Mr. Levin filed an amended petition alleging ineffective assistance of counsel based upon trial counsel's failure to request a hearing to determine Defendant's competency to stand trial, failure to file a post-sentence motion that the verdict was

2

against the weight of the evidence, failure to request a lesser included charge instruction of criminal trespass, failure to request a new trial due to the trial court's answering a jury question without counsel being present, and for advising Defendant not to testify. On May 6, 2015, the Commonwealth filed a motion to dismiss. On June 18, 2015, Mr. Levin filed a supplemental petition, adding an additional claim that trial counsel was ineffective for failing to interview and call Michael Colosi ("Michael") and Thomas McLaughlin ("McLaughlin") as defense witnesses. On July 22, 2015, the Commonwealth filed a motion to dismiss Defendant's supplemental petition.

On August 3, 2015, this Court sent Defendant a notice pursuant to Rule 907, indicating that his petition would be dismissed as without merit. On August 14, 2015, Defendant filed a reply to the 907 notice. On August 26, 2015, after independent review of Defendant's *pro se* petition, PCRA counsel's amended petition and supplemental petition, the Commonwealth's motions to dismiss, and Defendant's reply to the 907 notice, this Court dismissed Defendant's petition as without merit. On September 11, 2015, Defendant appealed the dismissal of his petition to the Superior Court.

## ISSUE

I.  **WHETHER THIS COURT PROPERLY DISMISSED DEFENDANT'S PETITION AS WITHOUT MERIT.**

## DISCUSSION

I.  **THIS COURT PROPERLY DISMISSED DEFENDANT'S PETITION AS WITHOUT MERIT.**

This Court properly dismissed Defendant's petition without a hearing as being without merit. When reviewing the denial of PCRA relief, the appellate court's review is limited to determining whether the PCRA court's findings are supported by the record and without legal

3

error. Commonwealth v. Edmiston, 619 Pa. 549, 65 A.3d 339, 345 (2013) (citing Commonwealth v. Breakiron, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001)). The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in light most favorable to the prevailing party. Commonwealth v. Fahy, 598 Pa. 584, 959 A.2d 312, 316 (2008) (citing Commonwealth v. Duffey, 585 Pa. 493, 889 A.2d 56, 61 (2005)). The burden is on the petitioner in the PCRA petition to demonstrate by a preponderance of the evidence that he or she is eligible for PCRA relief. 42 Pa.C.S.A § 9543.

To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. Commonwealth v. Freeland, 2014 PA Super 274, 106 A.3d 768, 775 (2014) (citing Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987)). A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Id. (citing 42 Pa.C.S. § 9543(a)(2)(ii)). Counsel's assistance is deemed constitutionally effective once the court determines that the defendant has not established any one of the prongs of the ineffectiveness test. Id. (citing Commonwealth v. Rolan, 964 A.2d 398, 406 (Pa.Super.2008)). To establish prejudice, the defendant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Commonwealth v. Davido, 106 A.3d 611, 621 (Pa. 2014) (citing Commonwealth v. Williams, 587 Pa. 304, 899 A.2d 1060, 1064 (2006)).

4

**1. Trial counsel was not ineffective for failing to request a hearing to determine Defendant's competency to stand trial.**

Trial counsel was not ineffective for failing to request a hearing to determine Defendant's competency to stand trial. A defendant is presumed to be competent to stand trial. Commonwealth v. Smith, 609 Pa. 605, 17 A.3d 873, 899 (2011) (citing Commonwealth v. Rainey, 593 Pa. 67, 928 A.2d 215, 236 (2007)). The burden, therefore, is on the defendant to prove, by a preponderance of the evidence, that he was incompetent to stand trial. Id. To prove that he was incompetent, the defendant must establish that he was either unable to understand the nature of the proceedings against him or to participate in his own defense. Id. at 899-900. Assertions that there are substantial questions about the defendant's competency, even if believed, do not satisfy the defendant's burden to prove that he was incompetent to stand trial. Id. (citing Rainey, 928 A.2d at 236; Commonwealth v. Romero, 595 Pa. 275, 938 A.2d 362, 374–75 (2007)). Without evidence that he was actually incompetent to stand trial, the defendant cannot prevail on a claim that counsel was ineffective for failing to obtain a competency hearing. Id.

In the case at bar, Defendant's claim that trial counsel was ineffective for failing to request a hearing to determine Defendant's competency to stand trial is without merit. During trial, this Court conducted an extensive colloquy regarding Defendant's ability to understand the nature of the proceedings against him. After the Commonwealth had rested, the following exchange took place:

| | |
|---|---|
| "THE COURT: | Right now, as you stand in this courtroom, are you under the influence of drugs or alcohol? |
| DEFENDANT: | I'm on psychiatric medication. |
| THE COURT: | What are you on, right now? |
| DEFENDANT: | Thorazine, Zoloft, Cogentin. |

5

| THE COURT: | Did you take them today? |
|---|---|
| DEFENDANT: | They didn't give them to me. |
| THE COURT: | Okay, when is the last time you took medication? |
| DEFENDANT: | A few days ago. With the trial being today, so when I go back to the prison, they will have the medication when I go back. |
| THE COURT: | Okay, so you haven't had your medication for three days. |
| DEFENDANT: | No. |
| THE COURT: | Okay. Well, you understand why you're here for today, right? |
| DEFENDANT: | Yes. |
| THE COURT: | Why are you here today? |
| DEFENDANT: | Because I'm charged with a crime. |
| THE COURT: | And you've been here listening to the testimony that's said, right? |
| DEFENDANT: | Yes. |
| THE COURT: | Have you understood everything that's been done and said throughout the trial? |
| DEFENDANT: | I understand." |

(N.T. 5/21/2010 p. 26-27). After discussing the effects that his medication had on him, this Court then stated to Defendant, "Well, the reason I'm asking you these questions is, I want to be sure that you understand everything that's going on and you do, is that right?", to which Defendant responded, "Yes." Id. at 28-29. Moreover, Defendant has failed to offer any evidence that he was unable to understand the nature of the proceedings against him or to participate in his own defense. To the contrary, Defendant in his amended PCRA petition stated that he told trial counsel multiple times during trial that he wished to testify on his own behalf so that he could

6

deny his involvement in the incident and explain what happened from his own perspective. Thus, there is every indication that, despite not taking his medication, Defendant understood the nature of the proceedings against him and actively sought to rationally participate in his own defense. Therefore, trial counsel could not be ineffective for failing to request a psychiatric evaluation to determine Defendant's competency to stand trial as there was no evidence that Defendant was actually incompetent to stand trial.

2. **Trial counsel was not ineffective for failing to file a post-sentence motion that the verdict was against the weight of the evidence.**

Trial counsel was not ineffective for failing to file a post-sentence motion that the verdict was against the weight of the evidence. If counsel fails to raise an issue in post-verdict motions or on appeal, he is deemed to be ineffective only if the issue is of arguable merit. Commonwealth v. Franklin, 2003 PA Super 165, 823 A.2d 906, 908 (2003) (citing Commonwealth v. Wilkerson, 490 Pa. 296, 416 A.2d 477 (1980)). This is so because an accused has no absolute right to raise baseless claims and counsel cannot be faulted for not advancing issues which will not at least arguably obtain some relief for the accused. Id. In Commonwealth v. Luster, the Superior Court held that trial counsel was not ineffective for failing to raise a post-sentence challenge to the weight of the evidence when trial counsel indicated that he believed the issue at trial involved a misapplication of the law by the jury rather than a misapprehension of the facts and therefore filed a post-sentence motion challenging the sufficiency of the evidence rather than the weight of the evidence. *See* Commonwealth v. Luster, 2013 PA Super 204, 71 A.3d 1029, 1049. Moreover, the PCRA court determined that even if the claim had been raised, it would have found that "the jury's verdict was not so contrary to the evidence as to shock one's sense of justice" and that it "would not have granted a new trial on a weight of the evidence argument." Id.

7

Under Pennsylvania law, a weight of the evidence claim concedes that the evidence was sufficient to sustain the verdict. Commonwealth v. Lyons, 622 Pa. 91, 79 A.3d 1053, 1067 (2013) (citing Commonwealth v. Widmer, 560 Pa. 308, 744 A.2d 745, 751-52 (2000)). The weight of the evidence is "exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." Luster, 71 A.3d at 1049 (quoting Commonwealth v. Champney, 574 Pa. 435, 832 A.2d 403, 408 (2003)). A verdict is not contrary to the weight of the evidence because of a conflict in testimony or because the reviewing court on the same facts might have arrived at a different conclusion than the fact-finder. Commonwealth v. Morales, 91 A.3d 80, 91 (Pa. 2014) (quoting Commonwealth v. Tharp, 574 Pa. 202, 830 A.2d 519, 528 (2003)). Rather, a new trial is warranted only when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. Id.

In the case at bar, Defendant claimed that trial counsel was ineffective for failing to file a post-sentence motion that the verdict was against the weight of the evidence. As Defendant's underlying weight of the evidence claim was without merit, trial counsel was not ineffective for failing to file a post-sentence motion raising that claim. Margaret Curran ("Curran") testified at trial that she was at her parents' home at 931 Cantrell Street on November 29, 2008 when Defendant knocked on the door and asked to see her brother, Michael. Curran further testified that she told Defendant that Michael was not home, at which time Defendant asked to speak with her father, Samuel, but Curran told Defendant to leave Samuel out of any issue he may have had with Michael. (N.T. 5/20/10 p. 6-9).

Margaret Colosi ("Margaret") testified at trial that she was at her home at 931 Cantrell Street on November 30, 2008, when Defendant knocked loudly on her door and asked to see

8

Michael. Margaret further testified that, despite repeatedly telling Defendant that Michael was not home and that he was not allowed in the house, Defendant told her that he was coming in. Margaret stated that she started yelling and her husband, Samuel, who was attached to an oxygen tank, came to investigate. Margaret further stated that Defendant then punched Samuel multiple times and she fell to the ground, injuring her hand. Margaret testified that Defendant left the house and yelled that he would return to blow the house up. Id. at 26-53.

After being declared unavailable for trial by this Court, the Commonwealth introduced the testimony that Samuel gave at the preliminary hearing. Samuel testified at the preliminary hearing that, at around 1:50 p.m. on November 30, 2008, he was sitting in the parlor at his house at 931 Cantrell Street when he heard someone banging on his door. Samuel further testified at the preliminary hearing that his wife answered the door, at which time Defendant pushed his way into their house. Samuel stated that his wife was yelling at Defendant to leave their house and he went over to try to help his wife. Samuel further stated that Defendant then punched him in his face, shoulders, upper arms and chest. Samuel testified at the preliminary hearing that he and his wife were eventually able to push Defendant out of their house, at which time he saw what appeared to be the handle of a gun in Defendant's waistband. Samuel further testified that Defendant said as he was leaving that he would be back and that he was going to "blow this f'ing house down." Samuel stated that Defendant did not have permission to enter their home and they called the police on him. (N.T. 12/30/2008 p. 5-9).

Officer Joseph McCann ("McCann") testified at trial that, on November 30, 2008, he responded to a radio call of a man with a gun at 931 Cantrell Street. McCann further testified that, upon arriving at the scene, he came into contact with Samuel and Margaret, who told him that Margaret had heard a loud banging at the door and, when she went to answer it, there was a

9

white male there who wanted to speak with Michael. McCann stated that Margaret told him that the male pushed his way into their house after she told him that Michael was not home and Samuel came to investigate after she started screaming. Margaret further told him that the male struck Samuel several times in the face and left in a car. McCann testified that Samuel's right eye was swollen and he was having difficulty breathing. McCann further testified that the police searched the neighborhood for a vehicle matching the description that Margaret gave and, upon finding and stopping one, the passenger got out of the car and ran away. McCann stated that the passenger was arrested a few blocks away and was identified as Defendant. McCann further stated that Defendant was taken back to 931 Cantrell Street, where Margaret and Samuel positively identified him as the man who attacked them. Id. at 106-20.

Thus, the jury heard from multiple witnesses that Defendant entered the residence at 931 Cantrell Street and asked to see Michael in an aggressive manner on two separate occasions in November 2008. The jury further heard from multiple witnesses that Defendant was told on both occasions that he did not have permission to enter the house and that, on the second occasion, Defendant became violent and assaulted Samuel and Margaret before threatening to do further harm to them. The jury also heard from multiple witnesses that Defendant punched Samuel multiple times, causing bruising and swelling, and the Commonwealth introduced photographs of Samuel's injuries. Defendant, on the other hand, argued that he did not have the intent to commit a crime when he entered their residence and that he did not intend to cause bodily harm to either Samuel or Margaret. However, this argument was belied by the evidence presented that Defendant came to the house in an aggressive manner on two separate occasions and then punched Samuel multiple times in various parts of his body after entering their house. Thus, the evidence presented at trial was consistent, credible and overwhelming that the Defendant entered

10

the Colosi's residence at 931 Cantrell Street without permission and with the intent to commit a crime. Furthermore, the evidence was consistent, credible, and overwhelming that, after Defendant entered their residence, he punched Samuel multiple times with the intention to cause bodily injury and threatened to cause more harm to them. Therefore, the jury's verdict was not so contrary to the evidence so as to shock one's sense of justice and any weight of the evidence claim advanced by trial counsel in a post-trial motion would have been without merit. Consequently, trial counsel was not ineffective for failing to file a post-sentence motion challenging the weight of the evidence.

### 3. Trial counsel was not ineffective for advising Defendant not to testify.

Trial counsel was not ineffective for advising Defendant not to testify. The appropriate standard for assessing whether a defendant was prejudiced by trial counsel's ineffectiveness regarding the waiver of his right to testify is whether the result of the waiver proceeding would have been different absent counsel's ineffectiveness. Commonwealth v. Walker, 2015 PA Super 17, 110 A.3d 1000, 1005 (2015). Claims alleging ineffectiveness of counsel premised on allegations that trial counsel's actions interfered with an accused's right to testify require a defendant to prove either that "counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." Commonwealth v. Miller, 987 A.2d 638, 660 (2009) (citing Commonwealth v. Nieves, 560 Pa. 529, 746 A.2d 1102, 1104 (2000)). Counsel is not ineffective where counsel's decision to not call defendant was reasonable, such as where defendant could be impeached with his prior record of *crimen falsi* offenses. Commonwealth v. Daniels, 2010 PA Super 112, 999 A.2d 590 (2010) (Commonwealth v. Whitney, 550 Pa. 618, 630, 708 A.2d 471, 476 (1998)). Where a defendant voluntarily waives his right to testify after a colloquy, he generally cannot

11

argue that trial counsel was ineffective in failing to call him to the stand. <u>Commonwealth v. Rigg</u>, 2014 PA Super 11, 84 A.3d 1080, 1086 (2014) (citing <u>Commonwealth v. Peay</u>, 806 A.2d 22, 29 (Pa.Super.2002)).

In the case at bar, Defendant claimed that trial counsel was ineffective for advising him not to testify at trial. This claim is without merit. After the Commonwealth rested, this Court conducted a colloquy with Defendant regarding his decision not to testify at trial. During the colloquy, the following exchange took place:

| | |
|---|---|
| "THE COURT: | Now your lawyer has indicated that you do not wish to give testimony in this case, is that right? |
| DEFENDANT: | Yes, I don't want – |
| THE COURT: | Okay. |
| DEFENDANT: | I can't testify. |
| THE COURT: | Did you have an opportunity to discuss the advantages and disadvantages of giving testimony in this case with your lawyer? |
| DEFENDANT: | Yes. |
| THE COURT: | And based upon those discussions with your lawyer, is it your decision not to give testimony in this case? |
| DEFENDANT: | Yeah, because of my past record. |
| THE COURT: | And did anyone threaten you, or force you or make you come to that decision? |
| DEFENDANT: | No. |
| THE COURT: | Have you made that decision of your own free will? |
| DEFENDANT: | Yes." |

(N.T. 5/21/2010 p. 29-30). As Defendant indicated during this colloquy, he had two prior convictions for robbery that could have been introduced by the Commonwealth at trial as *crimen*

*falsi* evidence. In advising Defendant not to testify, trial counsel acted reasonably to avoid introducing this evidence of Defendant's prior convictions and Defendant evidently agreed with the soundness of counsel's advice based upon his answers to this Court's colloquy. Moreover, Defendant has failed to prove that trial counsel interfered with his right to testify, as his colloquy answers indicate that he made the decision on his own free will and counsel did not in any way threaten or force him to waive his right to testify. Thus, Defendant's claim that trial counsel was ineffective for advising him not to testify is without merit.

### 4. Trial counsel was not ineffective for failing to request a lesser included charge instruction of criminal trespass.

Trial counsel was not ineffective for failing to request a lesser included charge instruction of criminal trespass. In a majority decision, the Supreme Court of Pennsylvania in Commonwealth v. Baldwin held that the plain language of Section 9765 revealed a legislative intent "to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other". Commonwealth v. Quintua, 2012 PA Super 219, 56 A.3d 399, 401 (2012) (quoting Commonwealth v. Baldwin, 604 Pa. 34, 985 A.2d 830, 837 (2009)). Therefore, notwithstanding the plurality's conclusion in Commonwealth v. Jones regarding merger of criminal trespass and burglary, the current state of merger law in Pennsylvania makes clear there is no merger if each offense requires proof of an element the other does not. Id. (citing Commonwealth v. Taggart, 997 A.2d 1189, 1200–01 (Pa.Super.2010)). The "practical, hybrid approach" espoused in the Jones lead opinion is not the proper test for merger. Id. The plain language of the respective statutes demonstrates why criminal trespass and burglary do not merge. Id. at 402. Criminal trespass contains an element of knowledge—a person committing that offense must know he is not privileged to enter the premises. Burglary has no

13

such knowledge requirement. Id. Burglary does, however, require intent to commit a crime within the premises, an element that criminal trespass lacks. Id. As each offense requires proof of an element the other does not, they should not merge. Id. Trial counsel cannot be ineffective for failing to request a lesser included charge instruction of criminal trespass because criminal trespass is not a lesser included offense of burglary. Commonwealth v. Harrison, 444 Pa.Super. 103, 663 A.2d 238, 238-39 (1995).

In the case at bar, Defendant claimed that trial counsel was ineffective for failing to request an instruction for a lesser included charge of criminal trespass. As the Superior Court reiterated in Quintua, criminal trespass is not a lesser included offense of burglary, as each offense requires proof of an element the other does not. Consequently, Defendant's claim that trial counsel was ineffective for failing to request a lesser included offense instruction for criminal trespass was without merit as criminal trespass is not a lesser included offense of burglary.

Even if criminal trespass was a lesser included offense of burglary, Defendant was not prejudiced by trial counsel's failure to request a lesser included offense instruction as the evidence was more than sufficient to find Defendant guilty of burglary. The Commonwealth presented evidence from multiple witnesses that Defendant acted in an aggressive, bullying and violent manner when he entered the Colosi's property. Notably, after being told by Margaret that he did not have permission to enter their property, Defendant pushed Margaret and punched Samuel as he tried to gain access to their home. As the intent to commit a crime after entry may be inferred from the circumstances surrounding the entry, there was sufficient evidence for the jury to infer that Defendant intended to commit a crime within the Colosi's property based upon the violent and aggressive manner in which entered their residence. Thus, even if trial counsel

14

had requested and was granted a lesser included offense instruction for criminal trespass, the jury would have still found Defendant guilty of burglary. Therefore, even if criminal trespass was a lesser included offense of burglary, trial counsel was not ineffective for failing to request a lesser included offense instruction as no prejudice accrued to Defendant from his failure to do so.

### 5. Trial counsel was not ineffective for failing to request a new trial after the trial court answered a jury question without counsel being present.

Trial counsel was not ineffective for failing to request a new trial after the trial court answered a jury question without counsel being present. The reason for prohibiting a trial judge from communicating with a jury *ex parte* is to prevent the court from unduly influencing the jury and to afford counsel an opportunity to become aware and to seek to correct any error which might occur. Commonwealth v. Freeland, 2014 PA Super 274, 106 A.3d 768, 779 (2014) (citing Commonwealth v. Bradley, 501 Pa. 25, 459 A.2d 733, 734 (1983)). Where there is no showing either that the court's actions may have influenced the jury or that its directions were erroneous, then the reason for the rule dissolves. Id. Pennsylvania law generally requires a showing that *ex parte* communications with a jury resulted in prejudice in order to warrant relief. Commonwealth v. Daniels, 104 A.3d 267, 296 (Pa. 2014) (citing Commonwealth v. Ali, 608 Pa. 71, 10 A.3d 282, 313 (2010)).

In Commonwealth v. Freeland, the Superior Court denied Defendant's ineffective assistance of counsel claim based upon trial counsel's failure to object when the trial court answered a jury question without counsel being present. *See* Freedland, 106 A.3d at 780. Specifically, the jury asked to see a copy of the trial transcript and the court responded, without counsel being present, that the jury had to rely on its memory of the testimony. Id. at 772. In denying Defendant's ineffective assistance of counsel claim, the Superior Court stated that the trial court did no more than tell the jury that they were not permitted to have a copy of the trial

15

transcript and that the court's response was proper under Pennsylvania Rule of Criminal Procedure 646(C)(1). Id. at 779-80. The Superior Court further stated that, as the defendant's claim was therefore without arguable merit, trial counsel had a reasonable basis for declining to object and could not have been ineffective. Id. at 780.

In the case at bar, Defendant claimed that trial counsel was ineffective for failing to request a new trial after this Court answered a jury's question without defense counsel being present. At 4:35 p.m. on May 21, 2010, the jury requested to see the transcript of Curran's testimony. With the Commonwealth attorney present but defense counsel absent, this Court indicated to the court officer to tell the jury that they would have to rely on their own memory and notes. (N.T. 5/21/2010 p. 137). Then, at 4:57 p.m., the jury informed this Court that they had reached a unanimous agreement on all charges except for two and were unable to come to an agreement on those two charges. Again with the Commonwealth present but defense counsel absent, this Court indicated that it would dismiss the jury for the day and tell them not to discuss the case over the weekend with anyone. Id. at 137-38. As in Freedland, the extent of this Court's *ex parte* conservations consisted of correctly informing the jury that they were not entitled to the transcript of a witness's testimony and then dismissing them for the day. Moreover, Defendant has not and cannot show that either of these *ex parte* communications resulted in prejudice to him. As there was no reasonable basis for trial counsel to object to either of these *ex parte* communications and no prejudice accrued to Defendant on the basis of either of them, trial counsel was not ineffective for failing to request a new trial after this Court communicated with the jury without defense counsel being present.

16

**6. Trial counsel was not ineffective for failing to interview and call Michael Colosi and Thomas McLaughlin as defense witnesses.**

Trial counsel was not ineffective for failing to call Michael and McLaughlin as witnesses. When raising a claim of ineffectiveness for the failure to call a potential witness, the defendant must establish that the witness existed, that the witness was available to testify for the defense, that counsel knew of, or should have known of, the existence of the witness, that the witness was willing to testify for the defense, and that the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. Commonwealth v. Matias, 2013 PA Super 53, 63 A.3d 807, 810-11 (2013) (citing Commonwealth v. Sneed, 45 A.3d 1096, 1108–09 (Pa.2012)). To demonstrate the necessary prejudice, the defendant must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Id. Counsel will not be found ineffective for failing to call a witness unless the defendant can show that the witness's testimony would have been helpful to the defense. Id.

Neglecting to call a witness differs from failing to investigate a witness in a subtle but important way. Commonwealth v. Pander, 2014 PA Super 201, 100 A.3d 626, 638 (2014) (citing Commonwealth v. Stewart, 84 A.3d 701 (Pa.Super.2013)). The failure to investigate "presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation." Id. It can be unreasonable per se to conduct no investigation into known witnesses. Id. Importantly, a petitioner still must demonstrate prejudice. Id. at 638-39. To demonstrate prejudice where the allegation is the failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial. Id. at 639 (citing Commonwealth v. Dennis, 597 Pa. 159, 950 A.2d 945, 961 (2008)). In this respect, a failure to investigate and interview a witness claim overlaps with declining to call a witness since the petitioner must

17

prove: (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial. Id. (citing Commonwealth v. Dennis, 609 Pa. 442, 17 A.3d 297, 302 (2011)).

In the case at bar, Defendant claimed that trial counsel was ineffective for failing to interview and call Michael and McLaughlin as witnesses. This claim is entirely without merit as Defendant has failed to show in any manner that trial counsel did not interview either Michael or McLaughlin, that either of them would have been available and willing to testify for the defense at trial, and that the absence of their testimony was so prejudicial as to deny Defendant a fair trial.

With regard to McLaughlin, Defendant simply claimed that he was the driver of the vehicle that Defendant got into after the incident. Defendant made no further showing as to what the content of McLaughlin's testimony could possibly be or how that testimony would have led to a different outcome at trial, especially considering that the sole interaction Defendant apparently had with McLaughlin occurred entirely after the crimes in question had been completed. Moreover, Defendant has failed to offer any proof whatsoever that McLaughlin was available and willing to testify at his trial.

With regard to Michael, Defendant claimed that, if he were called to testify, he would have testified that Defendant had permission to enter the house and would have refuted the testimony the Commonwealth offered at trial, although Defendant did not specify exactly what testimony Michael would have refuted. However, Defendant failed to show that the absence of Michael's testimony was so prejudicial as to deny Defendant a fair trial. To the contrary, Margaret testified at trial that Michael was not home at the time of the incident and that she told

18

Defendant that he did not have permission to enter their home. Samuel testified at the preliminary hearing that Defendant did not have permission to enter their home. Moreover, Curran testified at trial that, on the day prior to the incident, Defendant came to her parents' house to look for Michael and she told him that he did not permission to enter their home. Thus, the jury heard testimony from multiple witnesses that Defendant did not have permission to enter the property which therefore directly contradicted Michael's proposed testimony. Consequently, it is unclear how the absence of this testimony, especially in light of the fact that Michael was not even present in the house at the time of the incident, was so prejudicial to Defendant so as to deny him a fair trial. Furthermore, Defendant has failed to offer any proof that Michael was willing to testify on Defendant's behalf at trial, a failure that is particularly notable in light of the fact that Defendant was on trial for assaulting Michael's elderly parents. Therefore, Defendant's claim that trial counsel was ineffective for failing to interview and call Michael and McLaughlin as defense witnesses is without merit.

## CONCLUSION

After review of the applicable case law, testimony and statutes, this Court committed no error. Defendant's PCRA petition was properly dismissed without a hearing as being without merit. Accordingly, this Court's decision should be affirmed.

BY THE COURT:

_____ J.

20