J-S11028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYREEK WORDSLEY | |
| Appellant | No. 1375 EDA 2017 |

Appeal from the PCRA Order Entered March 31, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0000804-2010, CP-51-CR-0007358-2009, CP-51-CR-0010398-2009

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 17, 2018**

Appellant, Tyreek Wordsley, appeals *pro se* from the March 31, 2017 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court recited the pertinent facts and procedural history:

> On March 27, 2009, [Appellant] was arrested and charged with Possession With Intent to Deliver (PWID) on docket CP-51-CR-001160-2009 [this charge is not presently at issue].  On April 2, 2009, [Appellant] was arrested and charged with PWID on docket CP-51-CR-0007358-2009.  On May 7, 2009, [Appellant] was arrested and charged with PWID on docket CP-51-CR-0010398-2009.  On September 25, 2009, [Appellant] was arrested and charged with PWID on docket CP-51-CR-0000804-2010.  On July 20, 2011, [Appellant] appeared before this Court and pled guilty to PWID on all four of his dockets.  On that same day, this Court sentenced [Appellant] to a negotiated sentence of 11½ to 23 months' county incarceration plus three years reporting

probation with immediate parole on each docket, to run concurrent with one another.

On September 20, 2011, [Appellant] was arrested and charged with Violations of the Uniform Firearms Act (VUFA) § 6105 and 6106. These charges were subsequently adopted by the United States Attorney's Office after the Commonwealth of Pennsylvania withdrew them on December 8, 2011. On November 20, 2012, [Appellant] pled guilty to these charges and was sentenced to 8 years' federal incarceration.

On April 17, 2013, this court held a violation of probation (VOP) hearing for [Appellant]. [Appellant] was represented at the hearing by Liam Riley, Esquire. After this court reviewed [Appellant's] criminal history and incorporated the report prepared by the probation officer on April 17, 2013 into the record, Mr. Riley asked that this court sentence [Appellant] to a period of five years' probation on each of his dockets, to run concurrent to one another but consecutive to the federal sentence. Mr. Riley argued that [Appellant] was a young man with rehabilitative potential and that he was already serving a significant sentence in federal custody. Mr. Riley further argued that a probationary sentence following [Appellant's] incarceration would adequately address the Commonwealth's concerns while allowing [Appellant] the opportunity to set himself on the right path. […]

This court then found [Appellant] to be in direct violation of his probation/parole, terminated parole and revoked probation. This court then sentenced him to 5 to 10 years' state incarceration, to run concurrent on all four of his [state] dockets but consecutive to the federal sentence.

PCRA Court Opinion, 7/27/17, at 1-3.

Appellant did not take a direct appeal from the April 17, 2013 violation of probation (VOP) sentence. On July 6, 2016, he filed a facially untimely *pro*

*se* PCRA petition alleging ineffective assistance of counsel.[1]  Appellant pled that the untimeliness of the petition stemmed from governmental interference, inasmuch as the Department of Corrections ("DOC") discarded certain of Appellant's legal documents.[2]  On March 2, 2017, appointed counsel filed a petition to withdraw and a no merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  One day later, the PCRA court entered its notice of intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907.  On March 31, 2017, the PCRA court entered an order granting counsel's petition to withdraw and dismissing Appellant's petition. This timely appeal followed.

Appellant argues that counsel was ineffective for failing to preserve for direct appellate review Appellant's claim that his state sentence was supposed to run concurrently with his federal sentence.  Appellant's Brief at 4.  Appellant also argues that the trial court erred in dismissing his petition as untimely. ***Id.***  We have considered only the latter issue, which we find to be dispositive.

---

[1]  The PCRA requires that any petition thereunder be filed within one year of the finality of the judgment of sentence.  42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence became final on May 17, 2013, when the direct appeal period expired.  He therefore had until May 17, 2014 to file a timely petition.

[2]  A petitioner may overcome the PCRA's timeliness requirement if he pleads and proves that the untimeliness was the result of governmental interference. 42 Pa.C.S.A. § 9545(b)(1)(i).

We will disturb the PCRA court's decision only if the record does not support the court's findings or if the court committed legal error. The PCRA's time limits are jurisdictional. **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007), **appeal denied**, 934 A.2d 72 (Pa. 2007). The PCRA court has no jurisdiction to entertain an untimely petition unless the petitioner pleads and proves one of the statutory timeliness exceptions. **Id.** The governmental interference exception applies where "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S.A. § 9545(b)(1)(i).

As noted above, Appellant claims that the DOC destroyed documents relevant to his claim. He also argues that he was without access to the prison law library while he was confined in the Restrictive Housing Unit ("RHU"). Appellant's *pro se* brief is largely incoherent, and it fails to develop a substantive argument regarding his petition's timeliness. The PCRA court noted the following:

> [A]ccording to [Appellant's] own documents, he was held in the [RHU] for […] 7 months following his VOP hearing, thus until approximately November 2013, and he learned of the misplacement of his legal documents no later than May 2014. [Appellant] offers no further evidence why it then took him until July 2016 to file the instant petition. Therefore, even by the most generous standard, [Appellant] had until July 2014 to file a timely petition based upon the governmental interference exception. He failed to do so and his petition is consequently untimely.

- 4 -

PCRA Court Opinion, 7/27/17, at 7.

We have reviewed the record, the parties' briefs, the applicable law, and the PCRA court opinion. We conclude that the PCRA court's opinion, at pages 5 through 8, accurately addresses the untimeliness of Appellant's petition. We affirm the order based upon the analysis set forth on those pages. We also direct that a copy of the PCRA court's July 27, 2017 opinion be filed along with this memorandum.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/18

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH         :         CP-51-CR-0007358-2009
                               CP-51-CR-0010398-2009
                               CP-51-CR-0011160-2009
                               CP-51-CR-0000804-2010

:      CP-51-CR-0007358-2009 Comm v Wordsley, Tyreek
                                 Opinion

VS.

**FILED**

**JUL 2 7 2017**

Office of Judicial Records
Appeals/Post Trial

7980894441

**SUPERIOR COURT**
**1375 EDA 2017**

TYREEK WORDSLEY

BRINKLEY, J.                                       **JULY 27, 2017**

## OPINION

Defendant Tyreek Wordsley filed a petition for relief pursuant to the Post-Conviction

Relief Act, 42 Pa.C.S.A. § 9541 et seq. (eff. Jan. 16, 1996), raising claims based upon ineffective

assistance of counsel. After independent review of Defendant's *pro se* petitions, PCRA counsel's

Finley letter, and 907 Notice having been sent and a reply received from Defendant, this Court

dismissed Defendant's petition without a hearing based upon the Finley letter and untimeliness.

Defendant appealed the dismissal of his petition to the Superior Court. The sole issue addressed

in this Opinion is whether this Court properly dismissed Defendant's petition without a hearing

based upon counsel's Finley letter and untimeliness. This Court's decision should be affirmed.

## PROCEDURAL HISTORY AND FACTS

On March 27, 2009, Defendant was arrested and charged with Possession with Intent to

Deliver (PWID) on docket CP-51-CR-0011160-2009. On April 3, 2009, Defendant was arrested

and charged with PWID on docket CP-51-CR-0007358-2009. On May 7, 2009, Defendant was

arrested and charged with PWID on docket CP-51-CR-0010398-2009. On September 25, 2009, Defendant was arrested and charged with PWID on docket CP-51-CR-0000804-2010. On July 20, 2011, Defendant appeared before this Court and pled guilty to PWID on all four of his dockets. On that same day, this Court sentenced Defendant to a negotiated sentence of 11½ to 23 months county incarceration plus 3 years reporting probation with immediate parole on each docket, to run concurrent with one another.

On September 20, 2011, Defendant was arrested and charged with Violations of the Uniform Firearm Arms Act (VUFA) § 6105 and 6106. These charges were subsequently adopted by the United States Attorney's Office after the Commonwealth of Pennsylvania withdrew them on December 8, 2011. On November 20, 2012, Defendant pled guilty to these charges and was sentenced to 8 years federal incarceration.

On April 17, 2013, this Court held a violation of probation (VOP) hearing for Defendant. Defendant was represented at the hearing by Liam Riley, Esquire. After this Court reviewed Defendant's criminal history and incorporated the report prepared by the probation officer on April 17, 2013 into the record, Mr. Riley asked that this Court sentence Defendant to a period of 5 years' probation on each of his dockets, to run concurrent to one another but consecutive to the federal sentence. Mr. Riley argued that Defendant was a young man with rehabilitative potential and that he was already serving a significant sentence in federal custody. Mr. Riley further argued that a probationary sentence following Defendant's federal incarceration would adequately address the Commonwealth's concerns while allowing Defendant the opportunity to set himself on the right path. The Commonwealth then asked that this Court impose a sentence of 3 to 6 years state incarceration plus 4 years probation, to run concurrent with Defendant's federal

2

sentence. Defendant then spoke on his own behalf and asked this Court for a second chance. (N.T. 4/17/2013 p. 5-7).

This Court then found Defendant to be in direct violation of his probation/parole, terminated parole and revoked probation. This Court then sentenced him to 5 to 10 years state incarceration, to run concurrent on all four of his dockets but consecutive to his federal sentence, with credit for time served while in county prison. In imposing this sentence, this Court stated that Defendant had chosen the life of a drug dealer and that it hoped that this sentence would allow Defendant enough time to reassess his life and receive job training so that he could live a drug and crime-free life once he left prison. This Court further stated that it could have sentenced Defendant consecutively on each of his four dockets but chose not to based upon the argument of Mr. Riley. Furthermore, this Court stated that the sentence imposed was absolutely necessary to vindicate the authority of this Court, as Defendant originally had been arrested with a large amount of PCP and other drugs and had been given an extraordinary opportunity to get himself together when he first pled guilty and received immediate parole. Id. at 7-9. On April 25, 2013, Defendant, through counsel, filed a post-sentence motion for reconsideration, which was denied by operation of law. Defendant did not file a direct appeal of the sentence imposed at his VOP hearing.

On July 6, 2016, Defendant filed a pro se petition for relief pursuant to the PCRA, in which he raised a bald claim of ineffective assistance of counsel. Defendant further argued that his petition met the governmental interference exception to the PCRA's time-bar, as his legal documents had been discarded by the Department of Corrections prior to his placement at SCI – Camp Hill. On December 13, 2016, Thomas P. Ferrant, Esquire, was appointed as PCRA counsel.

3

On January 4, 2017, Defendant filed a *pro se* amended petition, raising further claims based upon ineffective assistance of counsel and an illegal sentence. Specifically, Defendant argued that counsel was ineffective for inducing him to plead guilty when he was innocent, for failing to file post-sentence motions, and for informing him that this Court would impose a sentence that ran concurrent to his federal sentence at his VOP hearing. Defendant further argued that his petition met the governmental interference exception to the PCRA's time-bar, as he had been housed in his institution's Restrictive Housing Unit and had been denied access to its law library.

On March 2, 2017, Mr. Ferrant filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (1988), stating that Defendant's petition was untimely, that he failed to properly plead and prove the governmental interference exception to the time-bar and, even if his petition was timely, the claims raised therein were without merit. In his Finley letter, Mr. Ferrant argued that Defendant was able to correspond with prison officials and defense counsel during the period when he was in the Restrictive Housing Unit and therefore he would have been able to file a timely PCRA petition. Mr. Ferrant further argued that Defendant failed to prove that he had filed his petition with 60 days of his release from the Restrictive Housing Unit. Furthermore, Mr. Ferrant argued that, even if Defendant's petition was timely, his ineffectiveness claims would still fail as they were supported only by boilerplate language, that any post-sentence motion filed by plea counsel would have been meritless, and that Defendant would not be able to show prejudice or his claim that defense counsel told him that his VOP sentence would run concurrent with his federal sentence.

On March 3, 2017, this Court sent Defendant a 907 Notice, indicating that his petition would be dismissed based upon counsel's Finley letter and untimeliness. On March 24, 2017,

4

Defendant sent a *pro se* reply to the 907 Notice, alleging that Mr. Ferrant was ineffective for failing to litigate his petition. On March 31, 2017, following independent review of Defendant's *pro se* petitions, PCRA counsel's Finley letter, and 907 Notice having been sent and a reply received from Defendant, this Court dismissed Defendant's petition without a hearing based upon the Finley letter and untimeliness. On April 19, 2017, Defendant filed a Notice of Appeal with the Superior Court. This Court received all Notes of Testimony on July 19, 2017.

## ISSUES

I. **WHETHER THIS COURT PROPERLY DISMISSED DEFENDANT'S PETITION WITHOUT A HEARING BASED UPON COUNSEL'S FINLEY LETTER AND UNTIMELINESS.**

## DISCUSSION

I. **THIS COURT PROPERLY DISMISSED DEFENDANT'S PETITION WITHOUT A HEARING BASED UPON COUNSEL'S FINLEY LETTER AND UNTIMELINESS.**

When reviewing the denial of PCRA relief, the appellate court's review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Commonwealth v. Edmiston, 619 Pa. 549, 65 A.3d 339, 345 (2013) (citing Commonwealth v. Breakiron, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001)). The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in light most favorable to the prevailing party. Commonwealth v. Fahy, 598 Pa. 584, 959 A.2d 312, 316 (2008) (citing Commonwealth v. Duffey, 585 Pa. 493, 889 A.2d 56, 61 (2005)). The burden is on the petitioner in the PCRA petition to demonstrate by a preponderance of the evidence that he or she is eligible for PCRA relief. 42 Pa.C.S.A § 9543.

### 1. Defendant's petition was untimely.

It is well-settled in Pennsylvania that all petitions under the PCRA, including subsequent

5

petitions, must be filed within one year of the date the judgment becomes final, unless the petition alleges, and the petitioner proves, an exception to the one-year time period. Commonwealth v. Albrecht, 606 Pa. 64, 994 A.2d 1091, 1094 (2010) (citing Commonwealth v. Hawkins, 598 Pa. 85, 953 A.2d 1248, 1252 (2008)). The exceptions apply where the petition successfully alleges and proves one or more of the following:

(i) the failure to raise this claim previously was the result of interference by government officials with presentation of the claim in violation of the Constitution of laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A § 9545(b)(1)(i)-(iii). A petition invoking one of these exceptions must be filed within 60 days of the date the claim could first have been presented. 42 Pa. C.S.A. § 9545(b)(2). The petitioner must plead and prove specific facts that demonstrate his claim was raised within the 60 day time frame. Commonwealth v. Hernandez, 79 A.3d 649, 651-52 (2013). The time "limitations are mandatory and are interpreted literally; thus, a court has no authority to extend filing periods except as statute permits." Commonwealth v. Seskey, 2014 PA Super 27, 86 A.3d 237, 242 (2014) (quoting Commonwealth v. Fahy, 558 Pa. 313, 737 A.2d 214, 223 (1999)). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." Id. (quoting Commonwealth v. Jackson, 30 A.3d 516, 518-19 (Pa. Super. 2011); Commonwealth v. Perrin, 947 A.2d 1284, 1285 (2008)). A defendant claiming that their incarceration status limits their ability to file *pro se* PCRA petitions must show that any of the conditions of his incarceration were illegal, as required to meet the governmental

6

interference exception to PCRA's timeliness requirement. Commonwealth v. Albrecht, 606 Pa. 64, 994 A.2d 1091, 1095 (2010) (citing 42 Pa.C.S. § 9545(b)(1)(i)).

In the case at bar, Defendant's judgment of sentence became final on May 17, 2013, when his ability to file a direct appeal of his VOP sentence expired. Defendant thus had until May 17, 2014 to file a timely petition pursuant to the PCRA. Defendant did not file the instant petition until July 6, 2016, more than two years after his deadline to file a timely petition had passed. In order to avoid the time-bar, Defendant attempts to plead and prove the governmental interference exception based upon his placement in his facility's Restrictive Housing Unit, denial of access to his institution's law library, and the misplacement of his legal documents by the Department of Corrections. However, Defendant has failed to plead and prove that he filed his petition within 60 days of the date that his claims first could have been presented. On the contrary, according to Defendant's own documents, he was held in the Restrictive Housing Unit for only 7 months following his VOP hearing, thus until approximately November 2013, and he learned of the misplacement of his legal documents no later than May 2014. Defendant offers no further evidence why it then took him until July 2016 to file the instant petition. Therefore, even by the most generous standard, Defendant had until July 2014 to file a timely petition based upon the governmental interference exception. He failed to do so and his petition is consequently untimely.

Moreover, even if Defendant had filed his petition in July 2014, his claim still would have been untimely because he failed to properly plead and prove the governmental interference exception. As PCRA counsel noted in his Finley letter, Defendant was able to write multiple letters to prison officials and to defense counsel during the relevant period. Thus, there is no indication that his placement in the Restrictive Housing Unit, restricted access to the law library

7

or the loss of his legal materials in any way would have prevented him from filing a PCRA petition. Moreover, Defendant has failed to demonstrate that the conditions of his incarceration were in any manner illegal, as required to meet the governmental interference exception. On the contrary, Defendant's own documents show that he was placed in the Restrictive Housing Unit and his access to the law library was restricted based upon his own violations of prison regulations. Furthermore, there is no indication at all that Defendant's legal materials were intentionally or maliciously withheld or destroyed. Thus, even if Defendant had filed his PCRA petition in July 2014, his petition still would have been untimely as he failed to properly plead and prove the governmental interference exception to the time-bar.

### 2. Even if Defendant's petition was timely, Plea Counsel was not ineffective.

To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis; and (3) that he was prejudiced by counsel's ineffectiveness. Commonwealth v. Timchak, 2013 PA Super 157, 69 A.3d 765, 769 (2013) (citing Commonwealth v. Wah, 42 A.3d 335, 338 (Pa.Super.2012)). Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Commonwealth v. Lippert, 2014 PA Super 25, 85 A.3d 1095, 1100 (2014) (citing Commonwealth v. Barndt, 74 A.3d 185, 191–92 (Pa.Super.2013)). Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Barndt, 74 A.3d at 192 (citing Wah, 42 A.3d at 338-39). Thus, to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have

8

pleaded guilty and would have insisted on going to trial." Id. (citing Commonwealth v. Rathfon, 2006 PA Super 106, 899 A.2d 365, 269-70 (2006)). Central to the question of whether a defendant's plea was entered voluntarily and knowingly is that the defendant know and understand the nature of the offenses charged in as plain a fashion as possible. Id. (citing Commonwealth v. Frometa, 520 Pa. 552, 555 A.2d 92, 93 (1989)). A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled. Commonwealth v. Brown, 2012 PA Super 140, 48 A.3d 1275, 1277 (2012) (citing Commonwealth v. McCauley, 797 A.2d 920, 922 (Pa.Super.2001)).

While a defendant's declaration of innocence is a factor that the PCRA court may consider, it is not determinative. Commonwealth v. Steckley, 2015 PA Super 250, 128 A.3d 826, 834 (2015). A defendant's assertion of innocence does not necessarily belie his later claim that he would have accepted a guilty plea offer. A criminal defendant might maintain his innocence up until the point of pleading guilty in order to strengthen his bargaining position. Indeed, a defendant may enter a guilty plea while continuing to maintain that he is factually innocent. Id. (citing North Carolina v. Alford, 400 U.S. 25, 33, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)).

A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Commonwealth v. Freeland, 2014 PA Super 274, 106 A.3d 768, 775 (2014) (citing 42 Pa.C.S. § 9543(a)(2)(ii)). In accord with these well-established criteria for review, a petitioner must set forth and individually discuss substantively each prong of the Pierce test. Commonwealth v. Steele, 599 Pa. 341, 961

9

A.2d 786, 797 (2008) (citing Commonwealth v. James Jones, 583 Pa. 130, 876 A.2d 380, 386 (2005)). Thus, where a defendant has failed to set forth all three prongs of the ineffectiveness test and meaningfully discuss them, he is not entitled to relief, and the court is constrained to find such claims waived for lack of development. Id. (citing Commonwealth v. Bracey, 568 Pa. 264, 795 A.2d 935, 940 n. 4 (2001)).

In the case at bar, Defendant baldly claims that plea counsel pressured him to plead guilty when he was, in fact, innocent. Aside from this bald statement, Defendant failed to set forth or meaningfully discuss each prong of the ineffectiveness test. As such, this Court is constrained to find that he waived his ineffectiveness claim for a lack of development. Even if Defendant had not waived this claim, however, it still would be without merit. Defendant's claims that he was pressured into pleading guilty and that he was, in fact, innocent directly contradict the statements he made in his written and oral guilty plea colloquies in which he stated that he was pleading guilty of his free will and because he was guilty of the crimes charged. Furthermore, Defendant stated that he was pleased with the representation of counsel. These facts are reflected in the following exchange:

THE COURT: Mr. Wordsley, I have to ask you some questions, and I ask these questions of everyone who decides to plead guilty. I have to be sure your plea is knowingly and voluntarily given.

How old are you?

THE DEFENDANT: Twenty-two.

THE COURT: How far did you go in school?

THE DEFENDANT: High school diploma.

THE COURT: So do you read, write, and understand the English Language?

10

THE DEFENDANT: Yes, ma'am.

THE COURT: Right now are you under the influence of drugs or alcohol?

THE DEFENDANT: No.

THE COURT: Have you ever been a patient in a mental institution or treated for mental illness?

THE DEFENDANT: No.

THE COURT: Are you satisfied with the representation of your lawyers, both lawyers, up to this point?

THE DEFENDANT: Excuse me?

THE COURT: Are you satisfied with the representation of both your lawyers up to this point?

THE DEFENDANT: Yes, ma'am.

THE COURT: I have in front of me four written guilty plea colloquies, which are incorporated into the record by reference, which indicate you wish to plead guilty to four counts of possession with intent to deliver a controlled substance. Is that correct?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you have any opportunity to go over these forms with your lawyer before you signed them?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did your lawyer explain these charges to which you are pleading guilty and the maximum possible sentence to which you could be imprisoned?

THE DEFENDANT: Yes, ma'am.

11

THE COURT: Did your lawyer explain that you are presumed innocent and have the right to have a trial by judge or jury if you wanted?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did your lawyer explain the definition of the crime, what the DA would have to prove if you were to go to trial?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did your lawyer explain to you that by pleading guilty, you are giving up all your rights to a trial and almost all rights on appeal?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did anyone threaten you or force you to make you plead guilty to these charges?

THE DEFENDANT: No, ma'am.

THE COURT: Are you doing so of your own free will?

THE DEFENDANT: Yes, ma'am.

THE COURT: At this time, will the Commonwealth please read what they would have proven if they had gone to trial.

Please listen.

[The Commonwealth reads the description of the facts underlying each charge]

* * *

THE COURT: All right. Mr. Wordsley, is that basically what happened in each case?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you pleading guilty because you are guilty?

12

THE DEFENDANT: Yes, ma'am.

N.T. 7/20/2011, p. 3-5, 14.

Thus, even if Defendant had not waived this claim due to lack of development, it would still be without merit as it directly contradicts the statements he made in his written and oral guilty plea colloquies.

### 3. Even if Defendant's petition was timely, Plea Counsel and VOP Counsel were not ineffective for failing to file post-sentence motions for reconsideration.

To establish counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. Commonwealth v. Freeland, 2014 PA Super 274, 106 A.3d 768, 775 (2014) (citing Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987)). Counsel's assistance is deemed constitutionally effective once the court determines that the defendant has not established any one of the prongs of the ineffectiveness test. Id. (citing Commonwealth v. Rolan, 964 A.2d 398, 406 (Pa.Super.2008)). To establish prejudice, the defendant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Commonwealth v. Davido, 106 A.3d 611, 621 (Pa. 2014) (citing Commonwealth v. Williams, 587 Pa. 304, 899 A.2d 1060, 1064 (2006)). If counsel fails to raise an issue in post-verdict motions or on appeal, he is deemed to be ineffective only if the issue is of arguable merit. Commonwealth v. Franklin, 2003 PA Super 165, 823 A.2d 906, 908 (2003) (citing Commonwealth v. Wilkerson, 490 Pa. 296, 416 A.2d 477 (1980)). This is so because an accused has no absolute right to raise baseless claims and counsel cannot be faulted for not advancing issues which will not at least arguably obtain some relief for the accused. Id.

13

As a general rule, "upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing." Commonwealth v. Fowler, 930 A.2d 586, 595 (Pa.Super.2007). Normally, "the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." Coolbaugh, 770 at 792. Once probation or parole has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of court. Coolbaugh, 770 A.2d at 792.

When a trial court imposes a sentence that is within the statutory limits, 'there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment'." Commonwealth v. Mouzon, 812 A.2d 617, 624-25 (2002) (quoting Commonwealth v. Person, 450 Pa. 1, 297 A.2d 460 (1972)). In addition, a sentence will not be disturbed unless the appellate court determines that the sentence is "unreasonable." Reasonableness is determined by examining the four statutory factors set forth in 42 Pa. C.S.A. § 9781(d) as well as the general sentencing standards outlined in 42 Pa. C.S.A. § 9721(b). Commonwealth v. Walls, 592 Pa. 557, 571, 926 A.2d 957, 965 (2007). 42 Pa. C.S.A. § 9781(d) requires that the appellate court consider: "(1) [t]he nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission." 42 Pa. C.S.A. § 9721(b) requires consideration of the protection of the public, the gravity of the offense in relation to the impact on the victim and the community and the rehabilitative needs of the

14

defendant. There is no requirement that a sentencing court's imposition of sentence be the "minimum possible confinement." Walls, 592 Pa. at 571, 926 A.2d at 965.

In the case at bar, Defendant claims that plea counsel and VOP counsel were ineffective for failing to file and litigate a post-sentence motion for reconsideration. As any post-sentence motion for reconsideration would have been baseless in either instance, defense counsel could not have been ineffective for failing to file a post-sentence motion. With regard to Defendant's plea counsel, it is beyond incredible for Defendant to claim that he would have received a more favorable outcome had plea counsel filed and litigated a post-sentence motion for reconsideration. In that instance, Defendant received an aggregate sentence 11½ to 23 months county incarceration plus 3 years reporting probation **with immediate parole** when he could have received an aggregate sentence of 20 to 40 years state incarceration across his four felony charges. As this Court later acknowledged at Defendant's VOP hearing, Defendant's original negotiated sentence was "basically a slap on the wrist", and "an extraordinary opportunity to get himself together." (N.T. 4/17/2013 p. 9). In light of the significant penalties Defendant was facing and the leniency of his negotiated sentence, it is almost impossible to see how Defendant could have received a more favorable outcome had plea counsel filed a post-sentence motion for reconsideration. Thus, Defendant's claim that plea counsel was ineffective for doing so is without merit.

With regard to VOP counsel, this Court notes that counsel did in fact file a post-sentence motion on April 25, 2013, which was denied by operation of law. Moreover, VOP counsel could not have been ineffective for failing to litigate this motion as the motion was meritless. On the contrary, the sentence imposed at Defendant's VOP hearing was reasonable in light of the severity of Defendant's original charges and his new conviction on a federal firearms offense for

15

which he was arrested only two months after his guilty plea. As this Court noted, Defendant had received an extraordinary opportunity when he was sentenced to immediate parole on four PWID charges when he could have been sentenced to up to 40 years' state incarceration. However, instead of furthering his rehabilitation, Defendant chose to continue living the life of a drug dealer and carry firearms illegally. Moreover, this Court fashioned its sentence to allow Defendant enough time to reassess his priorities, learn new skills and receive job training so that he could choose to live a crime free life when he was released. As such, the sentence imposed was absolutely necessary to vindicate the authority of this Court, to protect the public from Defendant's insistence on living a life of crime, and to further his rehabilitation in a more effective manner than the immediate parole sentence he received previously. Therefore, as any post-sentence motion for reconsideration would have been meritless, VOP counsel could not have been ineffective for failing to litigate any post-sentence motion.

### 4. PCRA Counsel was not ineffective.

Defendants have a general rule-based right to the assistance of counsel for their first PCRA Petition. Commonwealth v. Cherry, 2017 PA Super 28, --- A.3d ---, 2 (2017) (citing Commonwealth v. Robinson, 970 A.2d 455, 457 (Pa. Super. 2009)). The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first. Id. (citing Commonwealth v. Powell, 787 A.2d 1017, 1019 (Pa. Super. 2001)). Moreover, once counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties. Id. When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of Turner/Finley. Id. at 3.

16

To plead and prove ineffective assistance of PCRA counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. Commonwealth v. Rykard, 2012 PA Super 199, 55 A.3d 1177, 1189-90 (2012) (citing Commonwealth v. Chmiel, 612 Pa. 333, 30 A.3d 1111, 1127 (2011)). Where the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney. Id. at 1190. Layered claims of ineffectiveness "are not wholly distinct from the underlying claims[,]" because "proof of the underlying claim is an essential element of the derivative ineffectiveness claim[.]" Id. (quoting Commonwealth v. Collins, 585 Pa. 45, 888 A.2d 564, 584 (2005)). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." Id. (citing Commonwealth v. Burkett, 5 A.3d 1260, 1270 (Pa.Super.2010)).

In the case at bar, Defendant, in his response to this Court's 907 Notice, claimed that PCRA counsel was ineffective for failing to properly investigate, raise and address the claims made in his *pro se* petitions. However, as previously discussed, Defendant's petition was untimely and the claims raised therein were without merit. As PCRA counsel has no obligation to raise claims that they find meritless in an amended petition, Mr. Ferrant could not have been ineffective for failing to raise Defendant's untimely and meritless claims in an amended petition. Moreover, this Court notes that Mr. Ferrant properly complied with the procedures outlined in Commonwealth v. Finley, 550 A.2d 213 (1988) for withdrawing from a meritless petition. Thus,

17

Defendant's claim that PCRA counsel was ineffective for failing to properly investigate, address and raise the issues in his *pro se* petitions was without merit.

## CONCLUSION

After review of the applicable case law, testimony and statutes, this Court committed no error. Defendant's PCRA petition was properly dismissed based upon PCRA counsel's Finley letter and untimeliness. Accordingly, this Court's decision should be affirmed.

BY THE COURT:

_____
/J.

19