346 A.2d 554

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Curry PERRY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 27, 1974.

Decided Oct. 30, 1975.

Charles H. Johnson, Jr., Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

On October 1, 1973, the appellant, Curry Perry, while assisted by counsel, in a negotiated plea, plead guilty to murder generally. Following an evidentiary hearing and a certification by the Commonwealth that the crime rose no higher than murder in the second degree, such an adjudication of guilt was entered by the court. A prison sentence of five to twenty years was then imposed. A timely appeal from the judgment of sentence was mistakenly filed by the trial counsel in the Superior Court, and on May 31, 1974, the appeal was transferred here. New counsel was appointed to represent Perry in the prosecution of the appeal in this Court.

On October 8, 1974, Perry's counsel filed "Brief for Appellant" with the Prothonotary of this Court, plus a petition to withdraw as counsel in the case. In this petition, counsel stated that after "an exhaustive analysis of the record," he concluded that "nothing in the record can support the appeal, any basis for appeal being wholly frivolous." He also stated that he had "discussed this case with appellant [Perry]; has furnished him with a copy of said brief; and has told him of his right to appeal in *propria persona* or appointment of new counsel." On November 17, 1974, an order was entered permitting counsel to withdraw.[1]

Subsequently, the appeal was listed for argument before the Court and on the day appointed, it was designated "submitted", that is, presented to the Court for decision without oral argument.[2] The record and counsel's

1. Inadvertently, this order was entered before the Court had the opportunity to study the brief filed by counsel.

2. Presumably, it was the district attorney who notified the Court's clerk the case was to be "submitted" since, as of that date, Perry was incarcerated and without counsel and probably unaware of the listing of the appeal.

brief were then made available to the Court. After reviewing the brief, we conclude it fails to comport with the standards mandated by *Anders v. California*, 386 U. S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and adopted by this Court in *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968). See also *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974); *Commonwealth v. Palmer*, 455 Pa. 111, 314 A.2d 853 (1974); *Commonwealth v. Jones*, 451 Pa. 69, 301 A.2d 811 (1973). We will, therefore, require a new brief to be filed on behalf of the appellant.

As we pointed out in *Commonwealth v. Baker*, supra, *Anders* mandates that counsel who represents an indigent criminal defendant must afford his client a spirited defense and is required to assume "the role of an active advocate in behalf of his client . . . ." *Anders v. California*, supra, 386 U.S. at 744, 87 S.Ct. at 1400. He may not assume the role of *amicus curiae*. By the same token, counsel is not required to compromise principle or to act contrary to his own conscience. Hence, if after a conscientious study of the case he concludes an appeal from the judgment imposed on his client is totally without merit and would be wholly frivolous, he should so advise the court and ask permission to withdraw as counsel in the case. But before he may withdraw he must, inter alia, file a brief referring to anything in the record "that might arguably support the appeal." *Commonwealth v. Baker*, supra, 429 Pa. at 214, 239 A.2d at 203. It is in this respect that counsel here failed in his responsibility.

In his brief, after a recitation of the facts and pertinent law, counsel in a conscientious effort to be honest with the court, then proceeded to demonstrate by reference to the record why the instant appeal is meritless. This counsel may not do. Just as counsel may not assume the role of *amicus curiae* when he represents a client, so too, when counsel seeks to withdraw, he may not

assume that role when presenting to the court anything that might arguably support an appeal. We repeat counsel's role is not that of *amicus curiae*.

The record is remanded to the trial court with directions to appoint new counsel to represent Perry in this appeal.