413 A.2d 680

**COMMONWEALTH of Pennsylvania**

v.

**Jerry COLLIER, Appellant.**

Supreme Court of Pennsylvania.

April 28, 1980.

Richard H. Knox, Philadelphia, for appellant.

Ellen Mattleman, Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal from the imposition of sentence in the Court of Common Pleas of Philadelphia County, Criminal Division, comes to us on the submission of a brief purportedly in compliance with the rule in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

On April 17, 1978, appellant, at the conclusion of a bench trial, was adjudicated guilty of voluntary manslaughter and possession of an instrument of crime. No post-verdict motions were filed. On June 22, 1978, judgment was entered imposing a sentence of two and one-half to ten years imprisonment on the manslaughter conviction, and two and one-

half to five years on the bill charging possession of an instrument of crime. The terms of imprisonment are to run concurrently.

Despite the fact that no post-verdict motions were filed, appellant, on July 13, 1978, filed a notice of appeal in this court. Before us now is the petition of appellant's new counsel to withdraw, and his *Anders* brief.

In *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), we adopted the rule in *Anders* and reaffirmed that the *Anders* standards require that counsel representing an indigent criminal defendant must assume "the role of an advocate in behalf of his client." *Anders, supra*, 386 U.S. at 744, 87 S.Ct. at 1400. He may not serve as *amicus curiae.*

The instant case is identical to *Commonwealth v. Perry*, 464 Pa. 272, 346 A.2d 554 (1975). Therein, after reviewing the requisites of representation under the *Anders* standards, we stated:

". . . By the same token, counsel is not required to compromise principle or to act contrary to his own conscience. Hence, if after a conscientious study of the case he concludes an appeal from the judgment imposed on his client is totally without merit and would be wholly frivolous, he should so advise the court and ask permission to withdraw as counsel in the case. But before he may withdraw he must, inter alia, file a brief referring to anything in the record 'that might arguably support the appeal.' *Commonwealth v. Baker*, supra, 429 Pa. at 214, 239 A.2d at 203. It is in this respect that counsel here failed in his responsibility.

"In his brief, after a recitation of the facts and pertinent law, counsel in a conscientious effort to be honest with the court, then proceeded to demonstrate by reference to the record why the instant appeal is meritless. This counsel may not do. Just as counsel may not assume the role of amicus curiae when he represents a client, so too, when counsel seeks to withdraw, he may not assume that role when presenting to the court anything that might arguably support an appeal. We repeat counsel's

role is not that of amicus curiae." *Id.,* 464 Pa. at 275, 276, 346 A.2d at 555.

As the brief submitted in the instant case is flawed in precisely the same fashion as was that in *Perry, id.,* and *Baker, supra,* we are constrained to reach the same result.

The record is remanded to the trial court with directions to appoint new counsel to represent appellant in this appeal.