416 A.2d 477

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Haywood WILKERSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 19, 1980.

Decided July 3, 1980.

Marilyn C. Zilli, Asst. Public Defender, for appellant.

Marion E. MacIntyre, First Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

EAGEN, Chief Justice.

Haywood Wilkerson, appellant, was convicted by a jury in the Court of Common Pleas of Dauphin County of voluntary manslaughter, a weapons offense, and aggravated assault. No post-verdict motions were filed, and prison sentences aggregating ten to twenty years were imposed. No appeal was entered. Subsequently, a pro se motion requesting a modification of sentence was filed nunc pro tunc in the trial court and denied. A *pro se* Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp. 1979–80) [hereinafter: P.C.H.A.], petition was filed, and counsel was appointed. Counsel filed an amended petition which the court dismissed without a hearing. This appeal is from the order denying the P.C.H.A. petition. We now reverse and remand.

Wilkerson's claim for post-conviction relief was based on alleged ineffectiveness of trial counsel.[1] Several deficiencies on the part of counsel were alleged including failure to file

1. Since Wilkerson was represented for the first time by counsel other than trial counsel when the amended P.C.H.A. petition was filed, no waiver question regarding this issue is involved. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978).

an appeal from the judgments of sentence.[2]  In disposing of this issue, the P.C.H.A. court took the position that, aside from failing to file an appeal, the petition failed to disclose any other issue of arguable merit, and that, hence, filing an appeal would be futile and counsel could not be ineffective for failing to pursue a futile act.  We cannot agree.

■  If counsel fails to raise an *issue* in post-verdict motions or on appeal, he is deemed to be ineffective only if the issue is of arguable merit.  *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).  This is so, inter alia, because an accused has no absolute right to raise baseless claims and counsel cannot be faulted for not advancing issues which will not at least arguably obtain some relief for the accused.

■  On the other hand, an accused has an absolute right to appeal, Pa. Constitution, Article V, § 9, and counsel can be faulted for allowing that right to be waived unless the accused himself effectively waives the right, i.e. for not protecting the accused's right in the absence of an effective waiver.  This requirement that counsel protect the appellate right of an accused extends even to circumstances where the appeal is "totally without merit."  *Commonwealth v. Perry,* 464 Pa. 272, 275, 346 A.2d 554, 555 (1975).  This is not to say counsel must advance baseless claims in an appeal;[3] rather, under such circumstances, he must protect the accused's right through the procedure enunciated in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  See *Commonwealth v. Perry,* supra; *Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968).  Quite simply, the *Anders* procedure would serve no purpose were we to accept the P.C.H.A. court's position in this case.

■  Accordingly, given the absence of an *Anders* brief instantly, the P.C.H.A. court erred in concluding counsel

---

2.  Wilkerson also claimed counsel was ineffective in failing to request sequestration, to object to evidence indicating prior incarceration, to request a pre-sentence report, to seek suppression of a statement given by him to police, and to file post-verdict motions.

3.  Indeed, doing so, would constitute unprofessional conduct.  See Code of Professional Responsibility, D.R. 7–102(A)(2).

could not be deemed ineffective for failing to file an appeal if no issue of arguable merit was evidenced by the petition. Of course, this, in itself, does not dispose of the instant appeal for counsel cannot be faulted for failing to file an appeal if Wilkerson effectively waived his right to appeal. Hence, we must review the P.C.H.A. court's order denying relief without a hearing in light of Wilkerson's allegations and the record.

In *Commonwealth v. Sherard,* supra, we reiterated that a P.C.H.A. petition may not be summarily dismissed when the facts alleged in the petition, if proven, would entitle the petitioner to relief. Wilkerson alleged counsel was ineffective in not filing an appeal because "correspondence indicates that [he] wanted an appeal and that he took steps to perfect an appeal on his own."[4] Clearly, if, as alleged, Wilkerson wished to appeal and counsel merely failed to file an appeal and an *Anders* brief, if appropriate, Wilkerson did not effectively waive his right and counsel would have to be deemed ineffective. Accordingly, the facts alleged, if proven, would warrant relief and the court should have granted a hearing and given Wilkerson the opportunity to prove he advised counsel of a desire to appeal.

The Commonwealth argues that Wilkerson's allegations are contradicted by the record which also demonstrates that Wilkerson effectively waived his right to appeal. The record reveals the following:

Wilkerson was represented by privately-retained counsel at trial. Following the jury's verdict, the trial court advised Wilkerson, inter alia, that he could file post-verdict motions; that, if they were adversely decided, he would be sentenced and could then appeal; that, if no motions were filed, he would be sentenced and could still appeal although the issues would be strictly limited; that he had a right to counsel and free counsel if he was unable to pay; that the court hoped private counsel would continue to represent him, but, if

4. In the *pro se* petition, Wilkerson alleged he was told by counsel that, if he appealed and won a new trial, he could be convicted of murder of the first degree.

counsel did not, Wilkerson should contact the public defender. Trial counsel then stated that he would confer with Wilkerson regarding his rights but that, in his opinion, no trial error occurred.

At sentencing on August 24, 1978, the trial court mentioned to trial counsel that post-verdict motions had not been filed. Counsel indicated he had advised Wilkerson that no basis for appeal existed and Wilkerson indicated he had been so advised. The court then advised Wilkerson, inter alia, that he could petition for modification of sentence; that such a petition would have to be filed within ten days; that he had the right to assistance of counsel to seek modification; that free counsel would be appointed if necessary; that he had a right of appeal; that a petition to modify would not toll the thirty-day appeal period; and, that, since post-verdict motions were not filed, the issues available on appeal would be limited but the validity of the sentences could be challenged.

On September 11, 1978, Wilkerson filed a pro se petition dated September 5, 1978 in which he requested the notes of testimony "for the purpose of filing, or perfecting an appeal to the court through the post conviction hearing act." On September 12, 1978, the court entered an order directing that the notes be provided for use on appeal or for post-conviction purposes.

On September 20, 1978, Wilkerson filed a pro se "petition for modification or change of sentence *nunc pro tunc*" which was divided into two parts. The first part stated reasons the court should hear the modification of sentence petition out of time and included allegations that he believed counsel withdrew his representation after sentencing because counsel concluded no basis for appeal existed; that he was without counsel and was not capable of preparing an adequate petition; that he had sent a letter to the public defender seeking counsel to represent him in post-verdict motions and on appeal; that he had sent a letter to the clerk of the Dauphin County Court of Common Pleas asking the trial court to appoint counsel to file an appeal; that he sent

a letter to the Supreme Court to preserve his appellate rights; and, that, given the absence of counsel, his modification petition should be heard out of time. The second part stated reasons the sentence should be modified. The court entered an order stating "AND NOW, September 21, 1978, defendant's petition for modification of sentence is denied." Given the order, the court apparently considered the petition for modification of sentence on its merits.[5]

As can be gleaned from the foregoing, nothing is present in this record to contradict Wilkerson's claim that by correspondence he requested an appeal[6] or his claim, made in his pro se petition, that he was misled into believing that, if he successfully prosecuted an appeal and was granted a new trial, he could then be convicted of murder of the first degree. To support its position that Wilkerson waived his right to appeal, the Commonwealth refers to certain correspondence which it says had this effect. But this correspondence is not of record and is not properly before us.

The order is vacated, and the case is remanded.

LARSEN, J., filed a dissenting opinion in which FLAHERTY and KAUFFMAN, JJ., join.

LARSEN, Justice, dissenting.

In my judgment, the P.C.H.A. court correctly held that since the petition failed to disclose any issues of arguable merit, the filing of an appeal would also be without arguable

5. In answer to Wilkerson's P.C.H.A. petition, the Commonwealth alleged an appeal was filed in this Court by counsel on August 24, 1978 but dismissed, without objection by Wilkerson, on February 14, 1979 for failing to proceed. In its brief instantly, the Commonwealth claims a notice of appeal was filed September 18, 1978. Nothing in the record presented verifies these allegations and a check of this Court's docket reveals no such appeal was ever filed in the appropriate district.

6. The record can be read as indicating Wilkerson waived his right to file post-verdict motions, but his claim that he was advised he could be convicted of murder of the first degree could serve to show any such waiver was not effective. But, in any event, an appeal could have raised the validity of the sentence despite the failure to file post-verdict motions if as alleged he asked counsel to file an appeal.

merit, and counsel could not be ineffective for failing to pursue such a futile act.

The majority, however, finds that "the *Anders* [*v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)] procedure would serve no purpose were we accept the P.C.H.A. court's position in this case." This is absolutely incorrect, as *Anders v. California* was based upon, and designed to correct, the unequal treatment on appeal given those who could not afford privately-retained counsel. Appellant in the instant case had privately retained counsel up through sentencing and, in accordance with that counsel's advice, and after being properly informed of his appellate rights by the trial court, chose not to file the post-verdict motions necessary to perfect an appeal. *Anders* is thus inapplicable to this case, and the P.C.H.A. court correctly found that trial counsel was not ineffective, and properly dismissed appellant petition.

The order of that court should, therefore, be affirmed.

FLAHERTY and KAUFFMAN, JJ., join in this dissenting opinion.