J. S08018/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STEPHEN JABLONSKI, | : | No. 647 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, March 23, 2016,
in the Court of Common Pleas of Cambria County
Criminal Division at No. CP-11-CR-0001918-2014

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND SOLANO, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 28, 2017**

Stephen Jablonski appeals from the March 23, 2016 order entered in the Court of Common Pleas of Cambria County that dismissed his first[1] petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we vacate and remand with instructions.

The PCRA court set forth the following in the opinion it filed when it entered its order dismissing appellant's PCRA petition:

>          On April 2, 2015, [appellant] pled guilty to
> [one count of] Bomb Threats – Threatens Placement

---

[1] We note that in its March 23, 2016 order, the PCRA court erroneously refers to appellant's PCRA petition that underlies this appeal as a "second or subsequent [p]etition."  (Order of court, 3/23/16.)

> of Bomb,[2] a felony in the third degree.[Footnote 1] This Court sentenced [appellant] to pay costs, a $500.00 fine, restitution, and incarceration for 24 to 48 months at a State Correctional Institution without [Recidivism Risk Reduction Incentive] and effective October 22, 2014. After sentencing, [appellant] filed several ***pro se*** correspondences with the Cambria County Clerk of Clerks [sic], including multiple untimely ***pro se*** post sentence motions.
>
> [Footnote 1] 18 Pa.C.S.A. § 2715(a)(4).
>
> [Appellant] filed a ***pro se*** PCRA Petition on June 26, 2015, claiming constitutional violations, ineffective assistance of counsel, and a plea of guilt unlawfully induced. This Court appointed attorney Devon A. Casti on August 7, 2015 and conducted a PCRA conference on October 26, 2015. [Appellant] filed an amended and counseled PCRA Petition on December 2, 2015. This Court held a PCRA Hearing on December 9, 2015.

PCRA court opinion, 3/23/16 at 2 (record citations omitted).

In addition, the record reflects that following the PCRA court's entry of its order dismissing appellant's PCRA petition, appellant filed a timely notice of appeal. Appellant also complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court then filed a "statement of the court pursuant to Pa.R.A.P. 1925" wherein it incorporated the reasons for its dismissal of appellant's PCRA petition as set forth in its March 23, 2016 opinion.

---

[2] The Crimes Code titles the offense as "threat to use weapons of mass destruction." ***See*** 18 Pa.C.S.A. § 2715.

At the outset, we note that appellant raises four issues[3] for our review, including an ineffective assistance of counsel claim for plea counsel's failure to file a requested direct appeal. Because our determination of that issue entitles appellant to reinstatement of his direct-appeal rights, we need not consider his remaining claims.

---

[3] Appellant frames his issues as follows:

> A. WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST AND PURSUE A CHANGE OF VENUE FROM THE CAMBRIA COUNTY COURT OF COMMON PLEAS, AS THE COURTHOUSE, STAFF AND JUDGES WERE THE VICTIMS OF THE APPELLANT[?]
>
> B. WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESERVE APPELLANT'S POST SENTENCE MOTION AND APPELLATE RIGHTS, DESPITE THE APPELLANT'S REQUEST, AND FOR FAILING TO FILE THE SAME ON BEHALF OF THE APPELLANT[?]
>
> C. WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE CRIMINAL INFORMATION FILED FOR RECORD ON MARCH 30, 2015, WHICH INCLUDED AN UPGRADED CHARGE NOT WAIVED UP FROM THE MAGISTERIAL COURT[?]
>
> D. WHETHER APPELLANT'S GUILTY PLEA WAS NOT KNOWING, VOLUNTARY OR INTELLIGENT BECAUSE HE WAS NOT PROPERLY INFORMED BY HIS TRIAL COUNSEL OF THE UPGRADED CHARGE AT THE TIME HE ENTERED HIS PLEA[?]

Appellant's brief at 2.

When reviewing an order denying PCRA relief, this court must ascertain whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. **Commonwealth v. Ruiz**, 131 A.3d 54, 57 (Pa.Super. 2015). We will not disturb the PCRA court's findings, unless the certified record fails to support those findings. **Id.**

In Pennsylvania,

> an accused has an absolute right to appeal, P[ennsylvania] Constitution, Article V, § 9, and counsel can be faulted for allowing that right to be waived unless the accused himself effectively waives the right, **i.e.** for not protecting the accused's right in the absence of an effective waiver. This requirement that counsel protect the appellate right of an accused extends even to circumstances where the appeal is "totally without merit." **Commonwealth v. Perry**, 464 Pa. 272, 346 A.2d 554, 555 (Pa. 1975). This is not to say counsel must advance baseless claims in an appeal; rather, under such circumstances, he must protect the accused's right through the procedure enunciated in **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[] Quite simply, the **Anders** procedure would serve no purpose were we to accept the [Post Conviction Hearing Act] court's position [that counsel cannot be deemed ineffective for failing to file an appeal where the petition does not disclose issues of arguable merit].

**Commonwealth v. Wilkerson**, 416 A.2d 477, 479 (Pa. 1980); **see also Commonwealth v. Reaves**, 923 A.2d 1119 (Pa. 2007) (counsel is considered ineffective **per se** when counsel fails to file a requested direct appeal); **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999) (defendant

entitled to automatic reinstatement of direct-appeal rights where counsel fails to initiate a requested direct appeal).

Here, the PCRA hearing transcript reveals that appellant requested that plea counsel file a direct appeal, and counsel declined to do so because he believed that the issues that appellant wished to raise lacked merit, as follows:

> Q.  So you sat down with [appellant] immediately after sentencing?
>
> A.  Yes.
>
> Q.  And discussed the appeal process?
>
> A.  Yes.
>
> Q.  [Appellant] contacted your office and asked to file an appeal or asked to file post-sentence motions, did you have any contact with him again at that point?
>
> A.  I didn't.  I think some of the time frame – like I said I can't remember the specifics, but I know that I left a detailed message.  You know my secretary talked to him on numerous occasions reiterating again that I didn't think there was any merit to that.

PCRA hearing, 12/9/15 at 62.  PCRA counsel also testified that:

> [Appellant] called my office numerous times and I instructed my paralegal, I think we were picking juries or I forget what was going on, but I know he called a lot of times and my secretary talked to him probably at least 10 to 20 times, and explained to him that there really wasn't any basis, you know, for an appeal, for what you would normally appeal to. And once you do that, you're jeopardizing, actually, I doubt it would happen, technically, you know, that

> wasn't what the Commonwealth had envisioned. There would be merit, absolutely no merit to those.

*Id.* at 57.

The record clearly reflects that appellant requested plea counsel to file a direct appeal from his judgment of sentence and that plea counsel declined to do so because he concluded that the issues appellant wished to raise lacked merit. Additionally, when the PCRA court dismissed this claim, it did so because "[PCRA counsel] acknowledged [appellant's] requests and explained why [appellant's] claims lacked merit." (PCRA court opinion, 3/23/16 at 5.)

Although plea counsel and the PCRA court believed that plea counsel had no obligation to file an appeal if there were no meritorious issues to raise, that belief clashes with prevailing Pennsylvania law. In cases where counsel believes that a direct appeal is frivolous, counsel must follow the procedure set forth in *Anders* and its Pennsylvania progeny. *See* Pa.R.A.P. 1925(c)(4). This procedure has been adopted to preserve appellate review of arguably meritorious claims. *Id.* Counsel's failure to follow proper procedure and the PCRA court's ruling on this issue defeat this goal. Consequently, we vacate the order denying collateral relief and remand this matter with instructions that the PCRA court reinstate appellant's direct-appeal rights.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

J. S08018/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017