**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT DURHAM, | |
| Appellant | No. 697 EDA 2017 |

Appeal from the PCRA Order Entered January 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010212-2012

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.                     **Filed March 19, 2019**

Appellant, Robert Durham, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate that order and remand for the reinstatement of Appellant's direct appeal rights *nunc pro tunc*.

The facts underlying Appellant's conviction are not germane to this appeal.  Briefly, police arrested Appellant in August of 2012 and charged him with possession of a controlled substance, possession of drug paraphernalia, possession with intent to deliver a controlled substance, and possession of a firearm prohibited.[1]  Following a non-jury trial held on August 28, 2013, the trial court found Appellant guilty on all counts.  On October 16, 2013, the court

---

[1] 35 P.S. § 780-113(a)(30), (a)(16), (a)(32), and 18 Pa.C.S. § 6105, respectively.

sentenced Appellant to an aggregate term of 7-14 years' incarceration and 3 years' probation. Appellant did not file a post-sentence motion, nor did he file a notice of appeal. However,

> [o]n May 16, 2014[, Appellant] filed a timely[,] *pro se* [PCRA] petition…. On February 23, 2015[,] David Rudenstein, Esq.[,] was appointed to represent [him]. On March 31, 2016, Mr. Rudenstein filed an amended PCRA petition. Th[e PCRA] court held an evidentiary hearing and on January 20, 2017, dismissed [Appellant]'s PCRA [p]etition, finding the issues raised [therein] were either without merit or had been waived.

PCRA Court Opinion (PCO), 12/11/17, at 1-2.[2]

Appellant filed a timely notice of appeal on February 18, 2017, and a timely, court-ordered Pa.R.A.P. 1925(b) statement on May 1, 2017.[3] The PCRA court issued its Rule 1925(a) opinion on December 11, 2017.

Appellant now presents the following question for our review:

I.  Did the PCRA [c]ourt err when it dismissed [Appellant]'s [a]mended [PCRA p]etition when [Appellant] pled, and actually did prove, that he was entitled to relief?

Appellant's Brief at 3.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is

---

[2] In his amended petition, Appellant solely sought to reinstate his direct appeal rights.

[3] In the interim, on April 21, 2017, this Court entered an order dismissing the instant appeal pursuant to Pa.R.A.P. 3517 due to Appellant's failure to file a docketing statement. On May 1, 2017, Appellant filed an application to reinstate the appeal. By order dated May 5, 2017, this Court vacated the April 21, 2017 order dismissing the appeal.

supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, *we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record*. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted, emphasis added).

At issue in this appeal is Appellant's claim that his trial attorney provided ineffective assistance of counsel by failing to file a direct appeal on his behalf. Here, the PCRA court concluded that Appellant's trial counsel did not provide ineffective assistance, because Appellant ostensibly failed to request that a direct appeal be filed following his sentencing hearing. Generally speaking,

[w]e begin with the presumption that counsel rendered effective assistance. To obtain relief on a claim of ineffective assistance of counsel, a petitioner must rebut that presumption and demonstrate that counsel's performance was deficient, and that such performance prejudiced him. **Strickland v. Washington**, 466 U.S. 668, 687–91 … (1984). In our Commonwealth, we have rearticulated the **Strickland** Court's performance and prejudice inquiry as a three-prong test. Specifically, a petitioner must show: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. **Commonwealth v. Pierce**, 515 Pa. 153, 158–59, 527 A.2d 973, 975 (1987).

**Commonwealth v. Dennis**, 17 A.3d 297, 301 (Pa. 2011) (some internal citations omitted). However, our Supreme Court has held that:

[W]here there is an unjustified failure to file a *requested* direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the

- 3 -

accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

*Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999) (footnote omitted, emphasis added).[4]

At the PCRA hearing, Appellant testified that, at the end of his trial on August 28, 2013, he told his trial attorney, Bruce Wolf, Esq., to file an appeal on his behalf to contest his conviction for gun possession. N.T., 1/20/17, at 5-7. According to Appellant, Attorney Wolf did not respond. *Id.* at 7. Appellant admitted that he did not repeat his request to Attorney Wolf thereafter. *Id.* at 7-8.

Attorney Wolf also testified at the PCRA hearing. His recollection of representing Appellant was "vague[]." *Id.* at 11. He also had "no recollection" of Appellant's mentioning an appeal. *Id.* He could not locate any notes or correspondence in his case file indicating that Appellant had requested an appeal. *Id.* (indicating that Attorney Wolf "made no notation in

---

[4] Section 9543(a)(2)(ii) provides for relief under the PCRA for a "conviction or sentence" that "resulted from," *inter alia*, "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). Our Supreme Court has held that Section 9543(a)(2)(ii) expresses *Strickland*'s prejudice standard for ineffective assistance of counsel claims. *See Commonwealth v. Kimball*, 724 A.2d 326, 332 (Pa. 1999).

[his] file one way or the other about being asked about an appeal"). However, Attorney Wolf did not state that he remembered Appellant's not asking for an appeal; rather, he "really just d[idn]'t remember." *Id.* at 11-12. Indeed, Attorney Wolf admitted that it was "entirely possible that [Appellant] said that [he] want[ed] an appeal. I may not have responded because I knew the time wasn't right to file an appeal." *Id.* at 12.

In dismissing Appellant's PCRA petition, the PCRA court reasoned that Appellant's "failure to communicate the [request for an appeal] after the sentencing hearing, either verbally or in writing, was created by a fault of his own." PCO at 8. Regarding the request made to Attorney Wolf immediately after trial, the court opined that Appellant "admit[ted] that when he made the statement that Mr. Wolf[] did not respond and he did not follow up with any additional request or responses to clarify that his request was heard by counsel." *Id.* at 8-9. In any event, the court concluded, Appellant "did not provide any evidence that would prove by a preponderance of the evidence that Mr. Wolf[]'s actions 'undermined the truth-determining process [such] that no reliable adjudication of guilt or innocence could have taken place.'" *Id.* at 10 (citing 42 Pa.C.S. § 9543(a)(2)(ii)).

We disagree with the PCRA court's analysis. First, the court provides no support for the implicit proposition it offers that a request for an appeal should only be honored by an attorney after a sentencing hearing or following a decision on a post-sentence motion. It is true that a criminal case is not ripe for an appeal immediately following sentencing. However, it does not follow

that a defendant's request for an appeal is somehow untimely or void if made prior to sentencing. To the contrary, it is counsel's duty to honor such a request in a timely fashion; there is no burden placed on a defendant to withhold such a request until the entry of a final order by the trial court.

> In Pennsylvania, an accused has an absolute right to a direct appeal. Pa. Const., art. V, § 9. *Commonwealth v. Wilkerson*, 490 Pa. 296, 298, 416 A.2d 477, 479 (1980). Counsel must protect this absolute right "unless the accused himself effectively waives the right." *Id.* (citing *Commonwealth v. Perry*, 464 Pa. 272, 274, 346 A.2d 554, 555 (1975)). Further, counsel is required to protect this appellate right even in circumstances where the appeal is "totally without merit." *Id.*

*Commonwealth v. Bronaugh*, 670 A.2d 147, 149 (Pa. Super. 1995). If an attorney must file a meritless appeal, surely he must file an appeal despite the fact that the request was premature. That is not to say that counsel must file a premature appeal; rather, once counsel is aware of his client's desire to file an appeal, counsel must file it when it becomes ripe to do so. Nothing in the jurisprudence of this Commonwealth suggests that such a request must only be honored when made after the entry of a final order.

Here, the PCRA court's Rule 1925(a) opinion does not indicate that it found Appellant not credible when he testified that he had requested a direct appeal immediately following the guilty verdict and, in fact, it appears that the court proceeded under the assumption that the request was made, albeit prematurely. Nor did the court reject the testimony of Attorney Wolf when he testified that it was possible that he did not immediately respond to Appellant's request because he knew the case was not yet ripe for the filing of an appeal.

Instead, the court concluded that Appellant should have repeated such a request at a later time, or should have followed up when Attorney Wolf did not immediately respond. As we have found no support in the relevant case law to support that conclusion, we determine that the PCRA court erred in that regard.

Nevertheless, the PCRA court concludes, in the alternative, that Appellant was not prejudiced by counsel's failure to file a direct appeal on his behalf. This conclusion is patently erroneous. As our Supreme Court concluded in *Lantzy*, *supra*, prejudice is presumed, both under the ineffectiveness standard generally and "for purposes of Section 9543(a)(2)(ii)[,]" when counsel fails to file a requested direct appeal. *Lantzy*, 736 A.2d at 572. Thus, the PCRA court's alternative analysis also fails to justify the denial of Appellant's timely PCRA petition.

The Commonwealth provides no argument in support of the PCRA court's alternative analysis. Instead, the Commonwealth insists that the court found Appellant's testimony not credible and, therefore, it "was entitled to find that [Appellant] did not ask counsel to file an appeal." Commonwealth's Brief at 7. However, the Commonwealth fails to cite where in the court's Rule 1925(a) opinion it rejected Appellant's testimony on credibility grounds. At one point, the PCRA court did state that Appellant "failed to present *adequate* evidence showing that he made any effort in communicating his appellate wishes [to] Mr. Wolf[]." PCO at 8 (emphasis added). The terms 'adequate' and 'credible' are not synonymous. Moreover, in context, the court made that

- 7 -

statement almost immediately after declaring that Appellant had failed "to communicate the [request for an] appeal *after the sentencing hearing*…." **Id.** (emphasis added). Thus, we reject the Commonwealth's characterization of the record.[5] Accordingly, we vacate the order denying Appellant's PCRA petition, and remand for the PCRA court to issue an order reinstating Appellant's direct appeal rights *nunc pro tunc*.

Order **vacated**. Case **remanded**. Jurisdiction **relinquished**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2019

_____

[5] The PCRA court did state that it "made credibility determinations and accordingly, dismissed the claim." **Id.** at 9. However, at no point did the PCRA court specifically identify what credibility determinations it made and, as noted above, its analysis proceeded under the assumption that Appellant had made a request for appeal after the verdict. The court's opinion instead focused almost entirely on whether Appellant made any subsequent requests of counsel to file an appeal, not on whether Appellant had made a request in the first instance. Moreover, Attorney Wolf admitted that Appellant may have requested an appeal following the verdict, but that he did not remember it one way or the other. Nevertheless, he stated that if a request had been made at that time, he would not have responded to Appellant because filing an appeal at that time would have been premature. Thus, Attorney Wolf's testimony did not contradict Appellant's testimony, and could easily be read to be consistent with it.