J-S25015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM LENARD SWAN | : | |
| | : | |
| Appellant | : | No. 1649 MDA 2018 |

Appeal from the Judgment of Sentence Entered April 27, 2018
In the Court of Common Pleas of York County
Criminal Division at No:  CP-67-CR-0004687-2017

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                **FILED: SEPTEMBER 19, 2019**

Appellant, Adam Lenard Swan, appeals from the judgment of sentence entered on April 27, 2018 in the Court of Common Pleas of York County.  In the brief filed by his counsel pursuant to **Anders v. California**, 386 U.S. 738 (1969), as refined by **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), Appellant contends that the guilty verdict on aggravated assault and possession charges was against the weight of the evidence and that the trial court erred by denying his motion to suppress.[1]  His counsel concurrently filed

---

[1] In Appellant's post-sentence motion, appointed trial counsel Jennifer M. Smith raised the weight of the evidence issue as well as an issue regarding calculation of Appellant's sentence.  The trial court denied the motion by order entered September 4, 2018, one week after the trial court entered an order withdrawing the appointment of Attorney Smith and simultaneously appointing current counsel William H. Graff, Jr.  On October 22, 2018, Mr. Graff filed a Rule 1925(b) statement raising the weight and suppression issues presented in his **Anders** brief.

a petition for leave to withdraw. For the reasons explained below, we deny counsel's petition for leave to withdraw and remand.

Because the facts of the case are irrelevant to our disposition, we dispense with summarizing them here and instead proceed to discuss counsel's request to withdraw, a task we must undertake regardless of the facts and prior to any discussion of the merits of any issues on appeal. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005). As this Court recognized in *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013), our Supreme Court's decision in *Santiago* did not change the procedural requirements for requesting withdrawal from representation. As outlined in *Cartrette*:

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citing *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009)).

We conclude counsel has essentially satisfied the procedural requirements set forth in *Anders*. While counsel does not assert that the appeal would be "frivolous," he does offer his conclusion, based on a "conscientious examination of the entire record, including all notes of testimony, that an appeal of the lower court's Order would be meritless."

- 2 -

Petition to Withdraw, 2/14/19, at ¶ 9. In addition, counsel furnished a copy of the appellate brief to Appellant and advised Appellant of his right to retain new counsel or act on his own behalf to raise additional arguments or points for this Court's consideration. *Id.* at ¶ 11.[2]

Having concluded counsel largely satisfied the procedural requirements of **Anders**, we must ascertain whether the brief satisfied the substantive mandates prescribed in **Santiago**. In **Santiago**, our Supreme Court announced:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

In the **Anders** brief, Counsel included a summary of the procedural history. **Anders** Brief at 5-6. While counsel did not set forth the relevant facts in the "factual history" segment of the brief, we acknowledge he did incorporate facts, with citations to the record, in the argument section of the

---

[2] Appellant has filed a *pro se* brief with this Court asserting trial court error regarding the motion to suppress and a miscarriage of justice with respect to allegedly false testimony of two police officers. Appellant's *Pro Se* Brief at 28-30.

brief. *Id.* at 8-10; 12-14. Counsel has generally satisfied the first requirement.

The second required element of an *Anders* brief is to reference anything in the record that counsel believes arguably supports the appeal. In his brief, counsel raises three issues in two questions presented, *i.e.*, a) whether the verdicts of aggravated assault and possession with intent to deliver ("PWID") were against the weight of the evidence, and b) whether the trial court erred in denying Appellant's pre-trial motion to suppress. *Anders* Brief at 3. Counsel's suggested answer to these questions is that "the court's decision was free of legal error and supported by evidence of record." *Id.* More specifically, counsel states that "the court correctly held that police had reasonable suspicion to believe that Appellant was engaged in criminal activity" and "the jury's finding that Appellant was guilty of Aggravated Assault and Possession With Intent to Deliver was not against the weight of the evidence." *Id.* Counsel then argues that Appellant's convictions for aggravated assault and PWID should stand as they do not shock one's sense of justice, *id.* at 8-9, and that the lower court's denial of Appellant's motion to suppress evidence should stand. *Id.* at 12. In conclusion, counsel requests that this Court affirm the orders of the lower court and grant his petition to withdraw. *Id.* Counsel merely presents arguments that promote affirmance of the trial court's rulings. Upon review, we cannot conclude that counsel has satisfied the second element of *Anders*.

- 4 -

Although an appellant's counsel is not required to advocate strongly in favor of issues he believes are frivolous, "[a] brief that essentially argues for affirmance is unacceptable." **Commonwealth v. Vilsaint**, 893 A.2d 753, 758 (Pa. Super. 2006) (citing **Commonwealth v. Greer**, 314 A.2d 513, 515 (Pa. 1974)).  In an **Anders** brief, counsel may not simply demonstrate by reference to the record why the appeal is meritless.  **Commonwealth v**. **McClendon**, 434 A.2d 1185, 1187 (Pa. 1981).  When counsel seeks to withdraw, he "may not assume the role of *amicus curiae* when presenting to the court anything that might arguably support an appeal." **Id.** (quoting **Commonwealth v. Perry**, 346 A.2d 554 (Pa. 1975)).  The main thrust of **Anders** is to ensure a careful assessment of any available claim that an appellant might have. **McClendon**, 434 A.2d at 1188.  "That end is achieved by requiring counsel to conduct an exhaustive examination of the record and by also placing the responsibility on the reviewing court, to make an independent determination of the merit of the appeal." **Id.**[3]  Instantly, counsel essentially has done nothing more than present facts that support affirmance of the verdicts and the trial court's suppression ruling.[4]

---

[3] **But see infra** at 6-7, discussing **Santiago**.

[4] For example, we observe that Appellant in his *pro se* brief challenges the 911 identification received by police as a basis to find that police had no reasonable suspicion to stop or detain him.  Those facts might very well reflect something in the record that could arguably support Appellant's appeal, even if ultimately the issue proves to be wholly frivolous.

The third element of **Anders** requires counsel to set forth the conclusion that the appeal is frivolous. Counsel does not offer that conclusion but instead asks that this Court affirm the decision of the trial court. The fourth element requires counsel to state his reasons for concluding that the appeal is frivolous. Counsel has not announced his conclusion that the appeal is frivolous or offered any reasons for concluding the appeal is frivolous. Instead, as noted, counsel presents argument in support of affirmance.

In **Santiago**, the Pennsylvania Supreme Court set forth a significant adjustment in our decisional law concerning **Anders**. The Court was persuaded that requiring counsel to articulate the basis for his or her conclusion of frivolity advances the twin functions of an **Anders** brief to assist the intermediate appellate courts in determining whether counsel has conducted a thorough and diligent review of the case to discover appealable issues and whether the appeal is indeed frivolous. **Santiago**, 978 A.2d at 360. To these ends, the Court then held with respect to the **Anders** criteria addressing frivolity that counsel **must** set forth counsel's conclusion the appeal is frivolous and state counsel's reasons for concluding why that is so. The Court made this mandatory. **Id.** A finding of frivolity is not the same as the absence of merit. **See McClendon, supra**. Accordingly, we are likewise constrained to conclude that counsel's Anders brief does not meet the third and fourth criteria of **Anders** regarding frivolity.

Based on the foregoing, we conclude counsel's brief is substantively inadequate and fails to meet the **Anders** requirements. Therefore, we deny counsel's petition to withdraw and remand for counsel to file either a proper advocate's brief or a brief in full compliance with **Anders** as refined by **Santiago**. Counsel must file either brief within 30 days of the filing of this memorandum, and the Commonwealth may file its brief within 30 days of the filing of Appellant's brief. In order to afford counsel the opportunity to review the certified record, we remand the case to the trial court.[5]

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.

_____

[5] In the event counsel files an **Anders** brief, it is not necessary for Appellant to re-file his *pro se* brief. However, should Appellant wish to supplement his previous brief, he must do so within 30 days of the filing of counsel's **Anders** brief. The Commonwealth may file a response to such supplement within 14 days of the filing of said supplement or within 30 days of the filing of counsel's **Anders** brief, whichever is later.