**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS LEE TAYLOR | : | |
| | : | |
| Appellant | : | No. 1091 WDA 2020 |

Appeal from the PCRA Order Entered August 6, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001895-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS LEE TAYLOR | : | |
| | : | |
| Appellant | : | No. 1092 WDA 2020 |

Appeal from the PCRA Order Entered August 6, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001900-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS LEE TAYLOR | : | |
| | : | |
| Appellant | : | No. 1093 WDA 2020 |

Appeal from the PCRA Order Entered August 6, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001928-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| v.                                | : |                              |
|                                   | : |                              |
|                                   | : |                              |
|                                   | : |                              |
| TRAVIS LEE TAYLOR                 | : |                              |
|                                   | : |                              |
| Appellant                         | : | No. 1094 WDA 2020            |

Appeal from the PCRA Order Entered August 6, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001936-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|------------------------------|---|--------------------------|
|                              | : | PENNSYLVANIA             |
|                              | : |                          |
| v.                           | : |                          |
|                              | : |                          |
|                              | : |                          |
| TRAVIS LEE TAYLOR            | : |                          |
|                              | : |                          |
| Appellant                    | : | No. 1095 WDA 2020        |

Appeal from the PCRA Order Entered August 6, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001937-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|------------------------------|---|--------------------------|
|                              | : | PENNSYLVANIA             |
|                              | : |                          |
| v.                           | : |                          |
|                              | : |                          |
|                              | : |                          |
| TRAVIS LEE TAYLOR            | : |                          |
|                              | : |                          |
| Appellant                    | : | No. 1096 WDA 2020        |

Appeal from the PCRA Order Entered August 6, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000002-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|------------------------------|---|--------------------------|
|                              | : | PENNSYLVANIA             |
|                              | : |                          |
| v.                           | : |                          |
|                              | : |                          |
|                              | : |                          |

TRAVIS LEE TAYLOR                  :
                                   :
                                   :   No. 1097 WDA 2020

Appeal from the PCRA Order Entered August 6, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000639-2016

COMMONWEALTH OF PENNSYLVANIA    :   IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                                :
                                :
          v.                    :
                                :
                                :
                                :
TRAVIS LEE TAYLOR               :
                                :
          Appellant             :   No. 1098 WDA 2020

Appeal from the PCRA Order Entered August 6, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0001364-2016

COMMONWEALTH OF PENNSYLVANIA    :   IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                                :
                                :
          v.                    :
                                :
                                :
                                :
TRAVIS LEE TAYLOR               :
                                :
          Appellant             :   No. 1099 WDA 2020

Appeal from the PCRA Order Entered August 6, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0001938-2016

COMMONWEALTH OF PENNSYLVANIA    :   IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                                :
                                :
          v.                    :
                                :
                                :
                                :
TRAVIS LEE TAYLOR               :
                                :
          Appellant             :   No. 1100 WDA 2020

- 3 -

Appeal from the PCRA Order Entered August 6, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000377-2017

BEFORE:   STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JULY 8, 2021**

Travis Lee Taylor appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A.  §§ 9541-46.  We vacate the order and remand for an evidentiary hearing.

The pertinent facts and procedural history are as follows: Taylor pled guilty to multiple crimes involving a string of burglaries at several dockets. On May 30, 2017, the trial court sentenced Taylor at all docket numbers to an aggregate term of 11 to 26 years in prison.  Thereafter, the trial court granted plea counsel's motion to withdraw.  On June 7, 2017, Taylor filed a *pro se* motion for sentence modification.  On June 12, 2017, Taylor filed a *pro se* motion to withdraw his guilty pleas.  New counsel ("trial counsel") entered his appearance on June 22, 2017, and filed an amended post-sentence motion, in which Taylor requested withdrawal of his guilty plea or re-sentencing. Although the trial court denied Taylor's withdrawal request, the court vacated Taylor's judgment of sentence and re-sentenced Taylor to an aggregate term of 8 to 20 years of imprisonment.  Taylor did not file a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On October 5, 2018, Taylor filed a *pro se* PCRA petition, in which he raised a claim of ineffective assistance of plea counsel, and a claim that trial counsel failed to file a direct appeal even though he asked trial counsel to do so. On October 18, 2018, the PCRA court appointed new counsel. On May 4, 2020, PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 24, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Taylor's PCRA petition without a hearing. The court also granted PCRA counsel's motion to withdraw. Taylor filed a *pro se* response. By order entered August 6, 2020, the PCRA court denied Taylor's PCRA petition. These timely appeals followed. Both Taylor and the PCRA court have complied with Pa.R.A.P. 1925.

Taylor raises the following issue on appeal:

> Whether the [PCRA] court erred as a matter of law when [it] denied [Taylor's] PCRA petition, including, *inter alia*, that [new counsel], was ineffective for failing to discuss and/or pursue a direct appeal on [Taylor's] behalf.

Taylor's Brief at 4 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings

- 5 -

in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Taylor's issue asserts ineffectiveness of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." ***Id.*** A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

Taylor asserts that counsel was ineffective for failing to file a direct appeal even though Taylor asked him to do so. This Court has summarized the pertinent principles applicable to this claim as follows:

> In Pennsylvania, an accused has an absolute right to a direct appeal. Pa. Const., art. V, § 9. ***Commonwealth v. Wilkerson***, 490 Pa. 296, 298, 416 A.2d 477, 479 (1980). Counsel must protect this absolute right "unless the accused himself effectively waives the right." ***Id.*** (citing ***Commonwealth v. Perry***, 464 Pa. 272, 274, 346 A.2d 554, 555 (1975)). Further, counsel is required to protect this appellate right even in circumstances where the appeal is "totally without merit." ***Id.***
>
> ＊＊＊
>
> In short, a criminal defendant has an absolute right to directly appeal his sentence, regardless of the merits of his appeal. When he is deprived of such a right by counsel's failure to file an appeal after being directed to do so, ineffective assistance results in a constitutional violation, assuming there is no waiver of appeal. ***In the PCRA cases, the rule is that where the PCRA petitioner has alleged ineffectiveness of his trial counsel for failure to file a direct appeal, the PCRA court is precluded from reaching the merits of other issues raised in the PCRA petition once the court determines that the petitioner has been deprived of his right to direct appeal***. At that point, an appeal *nunc pro tunc* is the proper remedy. ***If it has not been determined whether or not prior counsel's actions deprived a petitioner of his constitutional right to a direct appeal, a hearing shall be held to determine whether or not such right was deprived***.

***Commonwealth v. Bronaugh***, 670 A.2d 147, 149-50 (Pa. Super. 1995) (some citations omitted; emphasis added).

Here, contrary to ***Bronaugh***, the PCRA court first addressed the merit of Taylor's substantive issue and found none. The court then determined that, even if Taylor had requested trial counsel filed a direct appeal, trial counsel's failure to do so was not ineffective because Taylor could not prove prejudice. ***See*** PCRA Court Opinion, 12/16/20, at 7-9.

In accordance with ***Bronaugh***, rather than addressing the merit of Taylor's substantive claim, the PCRA court first should have held an evidentiary ruling to determine if Taylor timely requested trial counsel to file a direct appeal and trial counsel failed to do so. We therefore vacate the order denying post-conviction relief, and remand for a hearing to determine whether Taylor was deprived of this constitutional right.[1] If Taylor proves his claim, he is automatically entitled to restoration of his rights *nunc pro tunc*. ***Bronaugh***, ***supra***.

Order vacated. Case remanded for an evidentiary hearing. Jurisdiction relinquished.

---

[1] The Commonwealth concedes that the PCRA court erred by dismissing Taylor's PCRA petition without a hearing and that a remand is warranted. ***See*** Commonwealth's Brief at 3-7.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/8/2021